**In re OLSHAN FOUNDATION REPAIR COMPANY, L.L.C., and Olshan Foundation Repair Company of Dallas, Ltd., Relators.**

No. 05–08–01143–CV.

Court of Appeals of Texas, Dallas.

Feb. 5, 2009.

Mark C. Roberts II, Robert M. Candee, Henslee Schwartz LLP, Dallas, TX, for Relator.

Todd Lipscomb, Robert W. Loree, Loree, Hernandez & Lipscomb, PLLC, San Antonio, Steven W. Thornton, McCorkle, Westerburg & Thornton, P.C., Dallas, TX, for Real Party In Interest.

Before Justices WRIGHT, O'NEILL, and LANG.

## OPINION

Opinion by Justice LANG.

Olshan Foundation Repair Company, L.L.C., and Olshan Foundation Repair Company of Dallas, Ltd., relators, seek a writ of mandamus ordering the judge of the 44th Judicial District Court, Dallas County, Texas to vacate his order denying their plea in abatement that sought to compel arbitration pursuant to the Federal Arbitration Act (FAA). *See* 9 U.S.C.A. §§ 1–16 (West 1999). Craig and Joy Waggoner, real parties in interest, are the plaintiffs in the underlying lawsuit. Olshan's primary claim is that the trial judge abused his discretion when he decided the parties' agreement and its provision for arbitration is not governed by the FAA. We disagree with Olshan on that specific proposition.

■ Our analysis necessarily focuses on the language of the parties' agreement to determine whether it can be properly interpreted to exclude application of the FAA. The relevant contract language states any dispute between the parties shall be resolved by arbitration "pursuant to the Texas General Arbitration Act [(TAA)]." In deciding the TAA applies and not the FAA, we follow the Texas Supreme Court's test that states, *inter alia*, where the transaction involves interstate commerce, a choice-of-law provision that does not "specifically exclude the application of federal law," will not be read "as having such an effect." *In re L & L Kempwood Assocs., L.P.*, 9 S.W.3d 125, 127–28 (Tex.1999) (orig.proceeding) (per curiam). Here, the record reflects the transaction involves interstate commerce, but, as a matter of law, we read the arbi-

tration provision to "specifically exclude the application of federal law."

Accordingly, we conclude the trial judge did not abuse his discretion when he denied Olshan's plea in abatement. Olshan's petition for a writ of mandamus is denied.

## I. ISSUES RAISED BY OLSHAN

Olshan argues the trial judge abused his discretion because: (1) Olshan satisfied its burden to establish a *prima facie* right to compel arbitration pursuant to the FAA; (2) even though the arbitration agreement states the TAA applies, the FAA applies because the arbitration agreement does not specifically exclude the FAA; (3) the Waggoners did not satisfy their burden to establish a defense to Olshan's right to compel arbitration; and (4) the trial judge erroneously denied Olshan's request to compel arbitration and abate the underlying suit during the pendency of the arbitration.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Waggoners contracted with Olshan for foundation repair work at their residence. The contract between the Waggoners and Olshan provides, in part:

11. Notwithstanding any provision in this agreement, *any dispute, controversy, or lawsuit* between any of the parties to this agreement about any matter arising out of this agreement *shall be resolved by mandatory binding arbitration administered by the American Arbitration Association ("AAA") pursuant to the Texas General Arbitration Act* and in accordance with this arbitration agreement and the commercial arbitration rules of AAA. To the extent that any inconsistency exists between this arbitration agreement and

such statutes by any court having jurisdiction and in accordance with the practice of such court.

(Emphasis added).

The Waggoners sued Olshan for breach of contract, breach of warranty, violation of the Texas Deceptive Trade Practices Act, negligence, and failure to provide the contractual notices required by the Texas Home Solicitations Act. Olshan filed a general denial subject to a plea in abatement. Later, a supplemental plea in abatement was filed arguing the parties should be ordered to arbitration under the FAA because there is a written agreement to arbitrate, the case involves interstate commerce, and the FAA preempts the TAA. The Waggoners filed a supplemental response to the plea in abatement arguing: (1) the arbitration clause in the contract specifically selected the TAA and the FAA does not preempt the TAA when the parties specifically agree the TAA will govern any disputes; (2) in order for an arbitration agreement to be enforceable under the TAA, section 171.002 of the Texas Civil Practice and Remedies Code requires the signature of the parties and their attorneys if the total consideration is less than $50,000 and the Waggoners' attorney did not sign the agreement; (3) the arbitration agreement is substantively unconscionable because the costs of the arbitration exceed the fees for Olshan's services; and (4) the contract is void because Olshan failed to provide them with the written cancellation required by the Texas Home Solicitation Act. After a hearing, the trial judge denied Olshan's plea in abatement.

## III. JURISDICTION

■ In their "statement of jurisdiction," the Waggoners appear to contest jurisdiction, arguing Olshan should have filed an interlocutory appeal. The Waggoners do not dispute an original proceeding is the appropriate remedy when the trial judge denies a motion to compel arbitration under the FAA. However, the Waggoners contend the "[TAA] controls the disposition of the clause in the Olshan contract. As such, the proper procedure for review would be an interlocutory appeal." Olshan has not filed an interlocutory appeal of the trial judge's order.

■ Section 171.098(a)(1) of the Texas Civil Practice and Remedies Code states a party may appeal an order denying an application to compel arbitration made under section 171.021.[1] TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(1) (Vernon 2005). Review of a trial judge's denial of a motion to compel arbitration under the TAA is by way of interlocutory appeal. *See Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992); *In re Wolff,* 231 S.W.3d 466, 467 (Tex.App.-Dallas 2007, orig. proceeding). However, when a request to arbitrate or a motion to stay the proceedings under the FAA is denied, the appellate remedy is through mandamus. *See In re Am. Homestar of Lancaster, Inc.,* 50 S.W.3d 480, 483 (Tex.2001); *EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 91 (Tex.1996); *Jack B. Anglin Co.,* 842 S.W.2d at 272.

The Waggoners concede in their response that "Olshan never attempted to compel arbitration under the [TAA]." The trial judge's order stated Olshan sought arbitration pursuant to the FAA.[2] The rec-

---

**1.** Section 171.021 of the Texas Civil Practice and Remedies Code is part of the TAA and provides that a court shall order the parties to arbitration on application of a party showing: (1) an agreement to arbitrate; and (2) the opposing party's refusal to arbitrate. TEX. CIV. PRAC. & REM CODE ANN. § 171.021.

**2.** The trial court's order states, "[Olshan] believe[d] that this cause should be abated,

ord is clear that neither party filed any motion or other pleading where they sought to compel arbitration under the TAA. Nevertheless, the trial judge accepted the Waggoners' argument, set out in their response to Olshan's plea in abatement, that the TAA applied and ruled that, under the TAA, the arbitration agreement is unenforceable pursuant to chapter 171 of the Texas Civil Practice and Remedies Code.

The only motion before the trial judge was Olshan's plea in abatement, where it sought the application of the FAA. The record does not show the filing of a motion or application to compel arbitration pursuant to the TAA. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098 (party may appeal order denying an application to compel arbitration made under TAA). However, the trial judge's order expressly denied Olshan's request for arbitration under the FAA. As a result, the appropriate remedy for review by Olshan is to file a petition for a writ of mandamus. We conclude we have jurisdiction over this original proceeding.

## IV. STANDARD FOR MANDAMUS

■ Traditionally, mandamus will not issue unless: (1) the trial judge has committed a clear abuse of discretion; and (2) there is no adequate remedy by appeal. *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 215 (Tex.1999) (orig.proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding)); *In re Tex. Am. Express, Inc.*, 190 S.W.3d 720, 723 (Tex.App.-Dallas 2005, orig. proceeding).

### A. Abuse of Discretion

■ A trial judge abuses his discretion if he reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005) (orig.proceeding); *In re Tex. Am. Express*, 190 S.W.3d at 723. In determining whether the trial judge abused his discretion in the resolution of factual matters, the court of appeals may not substitute its judgment for that of the trial court and may not disturb the trial judge's decision unless it is shown to be arbitrary and unreasonable. *In re Sanders*, 153 S.W.3d 54, 56 (Tex.2004) (orig.proceeding); *In re Tex. Am. Express*, 190 S.W.3d at 724. A trial judge has no discretion in determining what the law is or in applying the law to the facts. *See Walker*, 827 S.W.2d at 840; *In re Tex. Am. Express*, 190 S.W.3d at 724. Accordingly, a clear failure by the trial judge to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker*, 827 S.W.2d at 840; *In re Tex. Am. Express*, 190 S.W.3d at 724. If the trial judge did not abuse its discretion, it is error for the court of appeals to grant mandamus relief. *In re Sanders*, 153 S.W.3d at 56; *In re Tex. Am. Express*, 190 S.W.3d at 724.

### B. No Adequate Remedy by Appeal

■ The second requirement for mandamus relief, that the petitioner has no adequate remedy by appeal, "has no comprehensive definition." *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex.2005) (orig.proceeding) (citing *In re Prudential*, 148 S.W.3d 124, 136 (Tex.2004) (orig.proceeding)); *In re Tex. Am. Express*, 190 S.W.3d at 724. Determining whether a party has an adequate remedy by appeal

pending resolution by way of arbitration, because [the Waggoners'] claims arise out of the foundation work that is the subject of the agreement which expressly provides for mandatary and binding arbitration under the [FAA]."

requires a "careful balance of jurisprudential considerations" that "implicate both public and private interests." *See In re Ford Motor Co.,* 165 S.W.3d at 317; *In re Tex. Am. Express,* 190 S.W.3d at 724. "When the benefits [of mandamus review] outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate." *In re Ford Motor Co.,* 165 S.W.3d at 317; *In re Tex. Am. Express,* 190 S.W.3d at 724. An appeal is inadequate when the parties are in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc.,* 145 S.W.3d 203, 211 (Tex.2004) (orig.proceeding); *In re Tex. Am. Express,* 190 S.W.3d at 724. Such a danger arises when the appellate court would not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record. *In re Van Waters,* 145 S.W.3d at 211; *In re Tex. Am. Express,* 190 S.W.3d at 724. When a trial judge erroneously denies a party's motion to compel arbitration under the FAA, the movant has no adequate remedy by appeal. *In re First-Merit Bank, N.A.,* 52 S.W.3d 749, 753 (Tex.2001); *In re Sonic–Carrollton V, L.P.,* 230 S.W.3d 811, 813 (Tex.App.-Dallas 2007, orig. proceeding [mand. denied] ).

## V. CHOICE OF LAW

First, we address issue two because it raises a question of law and it is dispositive. In issue two, Olshan argues the trial judge abused his discretion because, even though the arbitration agreement states the TAA applies, the FAA applies because the arbitration agreement does not specifically exclude the FAA. The Waggoners respond that the parties specifically selected the TAA, which under the case law had the effect of excluding the FAA, and there is no case law that requires the magic words "the FAA is excluded." We agree with the Waggoners.

### A. Applicable Law

The FAA generally governs the enforceability of an arbitration agreement when the transaction involves interstate commerce. 9 U.S.C.A. §§ 1–2; *Roehrs v. FSI Holdings, Inc.,* 246 S.W.3d 796, 803 (Tex.App.-Dallas 2008, pet. denied). However, the FAA's pro-arbitration policy does not operate without regard to the wishes of the contracting parties. *See Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 57, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995). Arbitration under the FAA is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit. *See Volt Info. Sci., Inc. v. Bd. of Trustees of Leland Standford Junior Univ.,* 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). Just as parties may limit by contract the issues which they will arbitrate, so too may they specify by contract the rules under which that arbitration will be conducted. *See id.*

A general choice of law clause will not be read to exclude the application of federal law, i.e., the FAA, unless the clause "specifically exclude[s] the application of federal law." *In re Kempwood,* 9 S.W.3d at 127–28; *accord Pedcor Mgmt. Co., Inc., Welfare Benefit Plan v. Nations Pers. of Tex., Inc.,* 343 F.3d 355, 361–62 (5th Cir. 2003) (parties must expressly exclude applicability of FAA if they want only state arbitration law to apply); *see also Roehrs,* 246 S.W.3d at 803; *cf. Ford v. NYLCare Health Plans of the Gulf Coast, Inc.,* 141 F.3d 243, 249–50 (5th Cir.1998) (parties expressly referenced TAA and nothing else in agreement suggested they intended FAA to apply).

### B. Application of the Law to the Facts

Olshan's argument is twofold. First, Olshan contends Texas law cannot apply be-

cause the contract involves interstate commerce and when interstate commerce is involved, the FAA applies. In their pleading and during the hearing on Olshan's plea in abatement, the Waggoners did not object to or otherwise controvert Olshan's evidence that the contract involved interstate commerce. Absent other considerations, the FAA generally governs the enforceability of an arbitration agreement when the transaction involves interstate commerce. 9 U.S.C.A. §§ 1–2; *Roehrs*, 246 S.W.3d at 803. Accordingly, that element of proof regarding the applicability of the FAA was established. However, as argued by the parties to the trial judge and to this Court, the decision in this case turns on the language of the arbitration agreement that states arbitration of any dispute between the parties "shall be resolved by mandatory binding arbitration ... pursuant to the [TAA]." Neither party contends the language of the arbitration provision is ambiguous. We observe there is no other general or specific choice-of-law provision other than paragraph 2 of the contract, which provides only the following: "Work permitted to meet local government requirements."

Second, Olshan contends according to the rule in *In re Kempwood*, the application of the FAA will not be defeated where the arbitration agreement does not "specifically exclude" the application of federal law, even when the agreement states disputes will be resolved by arbitration "pursuant to the [TAA]." The Waggoners respond that the parties expressly agreed to apply the TAA regardless of whether interstate commerce is involved in their transaction. The case law requires no "magic" language excluding the FAA. Accordingly, the Waggoners argue, we should determine the parties excluded the FAA when they specifically selected the TAA in the arbitration provision. We agree with the Waggoners.

The reasoning in three cases, in particular, directs us to our conclusion. None of these cases appears to turn on resolution of whether interstate commerce was involved in the transaction. Rather, all three cases addressed whether the FAA or the TAA applied based on the language of the choice-of-law provisions.

In 1998, in *Ford*, the Fifth Circuit Court of Appeals reviewed a contract that specifically stated "arbitration of any claim must be settled 'in accordance with the [TAA].' " *Ford*, 141 F.3d at 249. Additionally, the contract provided: (1) arbitration "shall be conducted in Harris County, Texas"; (2) judgment upon an arbitration award may be enforced only in a "court of the State of Texas having jurisdiction thereof"; (3) disputes over arbitration were to be resolved by "any judge of any court of the State of Texas, having jurisdiction and located in Harris County"; and (4) the first page of the contract provided in bold type: "NOTICE: THIS AGREEMENT IS SUBJECT TO ARBITRATION UNDER THE TEXAS GENERAL ARBITRATION ACT." *Id.* at 249. That court stated there was nothing else in the agreement suggesting the parties intended the FAA to apply. Accordingly, the *Ford* court concluded the parties intended Texas law and the TAA to govern the arbitration. *Ford*, 141 F.3d at 247. The court in *Ford* deemed that language to "apply to every aspect of arbitration under [the] agreement with Dr. Ford." *Id.*

In 1999, in *In re Kempwood*, the Texas Supreme Court addressed an arbitration agreement in a contract containing a general choice-of-law provision that broadly stated the contract was governed by "the law of the place where the Project is located." *In re Kempwood*, 9 S.W.3d at 127. There was no express reference to the TAA or exclusion of the FAA. The Texas

**132**

Supreme Court determined that when a general choice-of-law provision does not "specifically exclude" the application of the FAA, it will not be read "as having such an effect." *Id.* at 127–28.

In *Pedcor,* the Fifth Circuit followed *In re Kempwood* in interpreting the effect of an arbitration provision that stated "[a]rbitration shall be governed by the laws of the State of Texas." *Pedcor,* 343 F.3d at 360. That court observed the Texas Supreme Court in *In re Kempwood* concluded the FAA was part of the substantive law of Texas so a general choice-of-law provision will not exclude federal law, but includes the FAA as well as state specific law. Although the arbitration provision included the language that arbitration would be "governed by" Texas law, the Fifth Circuit was convinced of the "soundness" of the "Texas rule that the parties must expressly exclude the application of the FAA if they want only state law to apply." *Id.* at 362. Nowhere in its opinion does the Fifth Circuit refer to its opinion in *Ford.* However, the *Ford* case provides a sound analysis of a contract that contained language somewhat similar to that in the contract at hand.

Olshan advises that *In re Kempwood* requires the language of the contract to include some specific exclusion of the FAA, but Olshan does not state the precise language that must be used. We conclude the language in the agreement before us meets the test in *In re Kempwood* and specifically excluded the application of federal law, i.e., the FAA, when it states "any dispute, controversy, or lawsuit . . . shall be resolved by mandatory binding arbitration . . . pursuant to the Texas General Arbitration Act." We conclude the trial judge did not abuse his discretion when he denied Olshan's plea in abatement on the basis that the FAA does not apply. Issue two is decided against Olshan.

Based on our resolution of issue two, we need not address issues one, three, and four.

## VI. CONCLUSION

For the reasons set out above, we conclude the trial judge for the 44th Judicial District Court, Dallas County, Texas did not abuse his discretion when he denied Olshan's plea in abatement.

Olshan's petition for a writ of mandamus is denied.