Petition for Writ of Mandamus Denied, Appeal Dismissed
for Lack of Jurisdiction, and
Opinion filed August 20, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

 

 

NO. 14-08-00925-CV

____________

 

ATLAS GULF-COAST, INC. D/B/A ATLAS
FOUNDATION REPAIR COMPANY, Appellant

 

V.

 

ROBERT E. STANFORD AND DOROTHY
STANFORD,
Appellees

 



 

On Appeal from the 21st
District Court

Washington County, Texas

Trial Court Cause No. 33574

 



 

and

 

NO. 14-08-01155-CV

 

IN RE ATLAS GULF-COAST, INC. D/B/A ATLAS FOUNDATION

REPAIR COMPANY, Relator

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS



 








O P I N I O N

This is a consolidated petition for a writ of mandamus and
direct interlocutory appeal by appellant/relator Atlas Gulf-Coast, Inc. d/b/a
Atlas Foundation Repair Company (AAtlas@) arising out of the trial court=s order granting appellees Robert E.
and Dorothy Stanford=s motion to set aside an agreed arbitration order.  We
conclude that this matter is properly analyzed under the Texas General
Arbitration Act rather than the Federal Arbitration Act, and we therefore deny
the petition for writ of mandamus.  We determine that we lack jurisdiction to
consider the interlocutory appeal, and we therefore dismiss the appeal for lack
of jurisdiction.

                                                                   Background

In February 2005, the Stanfords and Atlas entered into a
foundation repair contract containing an arbitration provision.  The Stanfords
sued Atlas in May 2006, claiming Atlas=s work was unacceptable and had
damaged their home.  According to the Stanfords, their lawyer told them that
arbitration was unavoidable, and even though they did not want to arbitrate,
they filed an agreed motion and order to send the case to arbitration based on
advice of counsel.  The trial court granted the agreed order in July 2007.  In
July 2008, the Stanfords obtained new counsel, who advised them that he
believed they had several defenses to enforcement of the arbitration
provision.  In August 2008, the Stanfords= second attorney filed a motion to
set aside the agreed arbitration order.  The trial court granted this motion,
from which Atlas now appeals.

                                              Texas or Federal
Arbitration Act?








In challenging the trial court=s order, Atlas brought both a direct
interlocutory appeal and a petition for writ of mandamus.  Mandamus is the
appropriate mechanism for challenging a trial court=s order if the Federal Arbitration
Act (AFAA@) applies, and interlocutory appeal
is the appropriate remedy under the Texas General Arbitration Act (ATGAA@).  See In re Valero Energy Corp.,
968 S.W.2d 916, 916B17 (Tex. 1998) (orig. proceeding); TMI, Inc. v. Brooks,
225 S.W.3d 783, 790B91 (Tex. App.CHouston [14th Dist.] 2007, pet. denied).  The contract here
states that Aany dispute, controversy, or lawsuit between any of the parties to this
Agreement about any matter arising out of this Agreement[] shall be resolved by
mandatory and binding arbitration administered by the American Arbitration
Association (AAAA@) pursuant to the Texas General Arbitration Act.@  Unless the contract at issue
specifically excludes the application of the FAA, the FAA applies, even if the
TGAA also applies.  In re Olshan Foundation Repair Co., 277 S.W.3d 124,
127 (Tex. App.CDallas 2009, pet. ref=d).  A contract that specifically invokes the TGAA, such as
the contract here, is deemed to exclude the FAA.  See id. at 127B28.  Thus, the FAA does not apply,
and we deny the petition for writ of mandamus.  See TMI, 225 S.W.3d at
791.

                                                      Interlocutory
Jurisdiction

Though the parties did not raise the issue of jurisdiction,
we must address our jurisdiction on our own motion when necessary.  Bison
Building Materials, Ltd. v. Aldridge, 263 S.W.3d 69, 72 (Tex. App.CHouston [1st Dist.] 2006, pet.
granted).  If we conclude we have no jurisdiction, we must dismiss the appeal. 
Id.  Because statutes allowing interlocutory appeals derogate the
general rule that only final judgments are appealable, we must strictly
construe such statutes.  See Stary v. DeBord, 967 S.W.2d 352, 352B53 (Tex. 1998); Bison, 263
S.W.3d at 73; Am. Online Inc. v. Williams, 958 S.W.2d 268, 271 (Tex.
App.CHouston [14th Dist.] 1992, no pet.). 
We have jurisdiction to review interlocutory orders only if a statute explicitly
provides.  Bison, 263 S.W.3d at 73.

The TGAA provides, in relevant part, that we have
interlocutory jurisdiction over:

an order

(1) denying an application to compel arbitration made
under Section 171.021; [or]

(2) granting an application to stay arbitration made
under Section 171.023.








Tex. Civ. Prac. & Rem. Code Ann. ' 171.098(a)(1), (2) (Vernon 2005). 
We analyze each of these two possible bases of jurisdiction.  

We do not have jurisdiction under section 171.098(a)(1). 
This section allows an interlocutory appeal from an order denying an
application to compel arbitration.  Thus, this section requires, at a minimum,
that the appellant have filed a motion to compel arbitration.  Atlas never
filed any kind of  motion seeking to compel arbitration.  The trial court
granted an agreed motion to transfer the case to arbitration, and the Stanfords
then filed a motion to set aside this arbitration order.  Atlas never affirmatively
requested the court to compel the Stanfords to arbitrate.  In its
post-submission brief addressing the issue of jurisdiction, Atlas argued that
the order setting aside the agreed arbitration order effectively prevented
arbitration and therefore had the same effect as denying a motion to compel
arbitration.  We disagree.  We are to strictly construe interlocutory appeal
statutes and look for explicit language conferring jurisdiction.  See Bison,
263 S.W.3d at 73.  Atlas=s interpretation would allow interlocutory jurisdiction over
any decision that had the effect of stopping arbitration, which is clearly
broader than the statute=s mandate and inconsistent with prior case law.  See
Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd., 95 S.W.3d 511, 513
(Tex. App.CHouston [1st Dist.] 2002, no pet.) (finding no interlocutory jurisdiction
over order refusing to stay litigation until arbitration complete because no
motion to compel arbitration filed); In re MHI P=ship, Ltd., 7 S.W.3d 918, 920B21 (Tex. App.CHouston [1st Dist.] 1999, orig.
proceeding) (finding no interlocutory jurisdiction over order deferring ruling
on motion to compel arbitration); see also In re J.D. Edwards World
Solutions Co., 87 S.W.3d 546, 551 (Tex. 2002) (orig. proceeding) (AUnder the [TGAA], a party is entitled
to an interlocutory appeal from an order denying an application to compel
arbitration only if it is >made under Section 171.021 [of the TGAA].=@ (alterations and emphasis in
original)).








We also do not have jurisdiction under section
171.098(a)(2).  This section allows an interlocutory appeal from an order
granting an application to stay arbitration and requires the trial court to
grant an application to stay arbitration made specifically under section
171.023.  Here, the Stanfords never filed a motion to stay arbitration; rather,
their motion requested that the trial court set aside its earlier order
granting the parties= agreed motion to arbitrate.  Even if, based on the effect of
the trial court=s order, we construed this motion as the equivalent of a
motion to stay arbitration, it still provides no basis for interlocutory
jurisdiction.  Section 171.098(a)(2) provides interlocutory jurisdiction only
over orders granting stays under section 171.023.  Section 171.023 provides
that Aa court may stay an arbitration
commenced or threatened on application and a showing that there is not an
agreement to arbitrate.@  Tex. Civ. Prac.
& Rem. Code Ann. ' 171.023(a) (Vernon 2005) (emphasis added).  The Stanfords
have never made any argument that an agreement to arbitrate does not exist. 
They have argued that the agreement is unenforceable for various reasons, but
that is not the same as a contention that an agreement does not exist.  See
In re U.S. Home Corp., 236 S.W.3d 761, 763 (Tex. 2007) (orig. proceeding)
(distinguishing between concession that arbitration clause exists and arguments
raising defenses to enforcement); In re FirstMerit Bank, N.A., 52 S.W.3d
749, 754, 756 (Tex. 2001) (orig. proceeding) (noting that parties did not
dispute existence of arbitration agreement and then examining defenses to
enforcement, such as unconscionability).  Therefore, strictly construing
section 171.098(a)(2), as we must, we conclude there was no motion to stay
arbitration on the grounds that an agreement to arbitrate does not exist, and
therefore we have no interlocutory jurisdiction.  See W. Dow Hamm III Corp.
v. Millennium Income Fund, L.L.C., 237 S.W.3d 745, 751B52 (Tex. App.CHouston [1st Dist.] 2007, no pet.)
(finding no interlocutory jurisdiction over order granting stay of arbitration
based on res judicata); Kilroy v. Kilroy, 137 S.W.3d 780, 783B84 (Tex. App.CHouston [1st Dist.] 2004, no pet.)
(finding no interlocutory jurisdiction over order granting stay of arbitration
to determine standing; trial court acknowledged arbitration agreement binding)
.

                                                                    Conclusion








We deny the petition for a writ of
mandamus because this action is properly brought under the TGAA, not the FAA. 
Further, we find that we have no interlocutory jurisdiction under the TGAA
because Atlas never filed a motion to compel arbitration, and the Stanfords
never filed a motion to stay arbitration based on an argument that no agreement
to arbitrate exists.  Therefore, we dismiss the interlocutory appeal for lack
of jurisdiction.

 

 

 

 

/s/      Leslie
B. Yates

Justice

 

 

 

 

 

Panel consists of Chief Justice Hedges and Justices Yates and Frost.