

## NUMBER 13-09-00426-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**VERONICA ELLIS AND PACESETTER BUILDERS,
INC. D/B/A COLDWELL BANKER PACESETTER
STEEL REALTORS,** Appellants,

**v.**

**DR. RON SCHLIMMER AND TANA SCHLIMMER,** Appellees.

---

**On appeal from the County Court at Law No. 4
of Nueces County, Texas.**

---

## MEMORANDUM OPINION
**Before Justice Yañez and Justices Benavides and Wittig
Memorandum Opinion by Justice Wittig[1]**

Some ten months after litigation was initiated, appellants, Veronica Ellis and

Pacesetter Builders, Inc. d/b/a Coldwell Banker Pacesetter Steel Realtors, filed a motion

---

[1]Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon Supp. 2005).

to abate and compel arbitration. Appellees, Ron and Tana Schlimmer, in their initial response to the motion, claimed waiver and estoppel and argued that the language of the agreement did not include the dispute between the parties. The trial court denied the appellants' motion. This interlocutory appeal ensued. We dismiss the appeal for want of jurisdiction.

## I. Jurisdiction

In appellants' statement of jurisdiction, they indicate that the trial court did not determine whether the Texas General Arbitration Act or the Federal Arbitration Act applied to the instant dispute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.001-.098 (Vernon 2006) ("TAA"); 9 U.S.C. § 2 ("FAA"). It is little wonder because appellants submitted no affidavits, no sworn testimony, or any other competent proof at the hearing on their motion for abatement and to compel arbitration. Appellants' motion for arbitration did not invoke either the TAA or the FAA. The brief record of the hearing does suggest that the trial court considered a copy of the real estate contract between appellants and appellees, although the operative document was not marked or introduced into evidence at the hearing. The contract included a one-page special provision which, in turn, included the arbitration clause providing:

> SHOULD THERE BE ANY DISAGREEMENT BETWEEN SELLER AND BUYER THAT CAN NOT BE RESOLVED THROUGH MEDIATION, BOTH BUYER AND SELLER AGREE TO SUBMIT THIS DISAGREEMENT TO BINDING ARBITRATION WITH A MUTUALLY AGREEABLE ARBITRATOR.

Our only source of this document is the appendix to appellants' brief.[2] The trial court was

---

[2] With limited exceptions, an appellate court may not consider matters outside the appellate record. *Nguyen v. Intertex, Inc*., 93 S.W.3d 288, 292 (Tex. App.–Houston [14th Dist.] 2002, no pet.); *Sabine Offshore Svc., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (per curiam) (finding that appellate court

submitted no proof, in writing or otherwise, pertaining to "Pacesetter Builders, Inc. d/b/a Coldwell Banker Pacesetter Steel Realtors," although a non-specific "Coldwell Banker" is mentioned as a listing broker. The earnest money contract specifically provided that all obligations of the parties for payment of brokers' fees are contained in a separate agreement, likewise not a part of the record. Counsel for appellants admitted at the hearing that the operative mediation requirement of the arbitration clause had not been met.

Appellants contend, in their statement of jurisdiction, that the method of appellate review depends on whether the dispute is governed by the TAA or the FAA. We agree. Appellants state: "No evidence was presented in either the motion, the response, or the hearing to suggest that interstate commerce was implicated regarding the arbitration agreement in dispute. Accordingly, the TAA applies to this matter." We do not agree because there was no evidence suggesting the FAA did not apply; neither was any proof presented in the motion, the response, or the hearing, indicating that the TAA applied. The record is silent on the issue. Further, appellants did not plead any reliance upon the TAA.

The trial court's order denying arbitration was interlocutory. Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352-53 (Tex. 1998) (citing *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992)). Although the TAA allows an interlocutory appeal from the denial of a motion to compel arbitration, the supreme court held in *Jack B. Anglin Co.* that an interlocutory appeal is not available under

cannot consider matters outside record for any purpose other than determining its own jurisdiction).

3

the TAA when a trial court denies a motion to compel arbitration made under the FAA, even though the FAA itself permits a party to take an interlocutory appeal. *See Jack B. Anglin Co.*, 842 S. W. 2d at 272. Texas law provides for interlocutory appeal of an order denying an application to compel arbitration only when it is made under section 171.021 of the TAA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1) (Vernon 2006); *In re J. D. Edwards World Solutions Co.*, 87 S.W.3d 546, 551 (Tex. 2002). Appellants' motion to compel arbitration did not invoke section 171.021 or any other provision of the TAA. *See id.*

When a request to arbitrate or a motion to stay the proceedings under the FAA is denied, the appellate remedy is through mandamus. *See In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 91 (Tex. 1996); *Jack B. Anglin Co.*, 842 S.W.2d at 272.

Ordinarily, an appeal may be prosecuted only from a final judgment, and in order to be final, the judgment must dispose of all parties and all issues pending before the court. *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454 (Tex.1982) (per curiam); *N. East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966); *NCR Corp. v. Mr. Penguin Tuxedo Rental & Sales, Inc.*, 663 S.W.2d 107, 107-08 (Tex. App.–Eastland 1983, writ ref'd n.r.e.); *Cessna Aircraft Co. v. Hotton Aviation Co., Inc.*, 620 S.W.2d 231,233 (Tex. Civ. App.–Eastland 1981, writ ref'd n.r.e.); *Citizens Nat'l Bank of Beaumont v. Callaway*, 597 S.W.2d 465, 466 (Tex. Civ. App.–Beaumont 1980, writ ref'd n.r.e.). Without dispute, the order denying arbitration was not a final judgment.

The Dallas Court of Appeals considered a scenario where the only motion before the trial judge was Olshan's plea in abatement, where it sought the application of the FAA.

4

*In re Olshan Found. Repair Co., L.L.C.*, 277 S.W.3d 124, 129 (Tex. App.–Dallas 2009, orig. proceeding). The record did not show the filing of a motion or application to compel arbitration pursuant to the TAA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098. However, the trial judge's order expressly denied Olshan's request for arbitration under the FAA. *Id.* As a result, the appropriate remedy for review by Olshan was to file a petition for a writ of mandamus and not an interlocutory appeal. *Id.* Unless the contract at issue specifically excludes the application of the FAA, the FAA may apply, even if the TAA also applies. *In re Olshan Foundation Repair Co.*, 277 S.W.3d at 127, 132.

The United States Supreme Court held in *Allied-Bruce* that the provision of the Federal Arbitration Act that "makes enforceable a written arbitration provision in 'a contract evidencing a transaction involving commerce'" extends to any contract affecting commerce, as far as the Commerce Clause of the United States Constitution will reach. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 274-75 (U.S. 1995); *see also L & L Kempwood Assocs., L.P. v. Omega Builders, Inc.,* 9 S.W.3d 125, 127 (Tex. 1999).[3] The Federal Arbitration Act, section 2, provides that a "written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2.

---

[3] The contract in *Allied-Bruce* evidenced a transaction affecting interstate commerce in part because the parties resided in different states. *See L & L Kempwood Assocs., L.P. v. Omega Builders, Inc.,* 9 S.W.3d 125, 127. The parties to the contract in *Kempwood* also resided in different states — Georgia and Texas — and the renovation work on Houston apartments was to be done by a Texas business for Georgia owners. *See id.* No such clarity is provided in the meager record before us. While appellees' petition alleges domiciles in Texas, these allegations were denied by appellants' original answer.

5

We need not decide whether the FAA governs the parties' arbitration agreement. Under the TAA, a party is entitled to an interlocutory appeal from an order denying an application to compel arbitration only if it is "made under Section 171.021 [of the TAA] . . . ." *In re J. D. Edwards World Solutions Co.*, 87 S.W.3d at 551 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 171.021(a)(1)).

Section 171.098 provides in pertinent part:

(a)    A party may appeal a judgment or decree entered under this chapter or an order:

   (1)    denying an application to compel arbitration made under Section 171.021;

   (2)    granting an application to stay arbitration made under Section 171.023.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1), (2). No motion to compel arbitration *under section 171.021* was filed in this case.

As we noted above, unless the contract specifically excludes the application of the FAA, the FAA may apply, even if the TAA also applies. *In re Olshan Foundation Repair Co.*, 277 S.W.3d at 127. A contract that specifically invokes the TAA is deemed to exclude the FAA. *Id.* We also note that under the equal inference rule, "When the circumstances are equally consistent with either of two facts, neither fact may be inferred." *City of Keller v. Wilson*, 168 S.W.3d 802, 813 (Tex. 2005). The Texas Supreme Court has also held that the mere fact that a contract affects interstate commerce, thus triggering the FAA, does not necessarily preclude enforcement under the TAA as well. *See Am. Std. v. Brownsville Indep. Sch. Dist. (In re D. Wilson Constr. Co.)*, 196 S.W.3d 774, 780 (Tex. 2006). Here, neither the contract at issue, nor the motion to compel arbitration, satisfy minimal

6

jurisdictional facts or pleadings to apply either the FAA or the TAA.

The Texas Supreme Court also discussed the factors that determine whether the FAA preempts the TAA: (1) the agreement is in writing; (2) it involves interstate commerce; (3) it can withstand scrutiny under traditional contract defenses; and (4) state law affects the enforceability of the agreement. *In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67, 69 (Tex. 2005) (citing 9 U.S.C. § 2). However, in this case, the lack of an adequate record does not allow us to answer three of the four factors. We recognize that the trial court proceedings call for determination by a summary proceeding, with the burden on the moving party to show a valid agreement to arbitrate. *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005). Even in a summary proceeding, it would seem that in order to demonstrate a valid and enforceable agreement subject to interlocutory appeal, minimal jurisdictional facts and averments are necessary. *See In re J. D. Edwards World Solutions Co.,* 87 S. W. 3d at 551 ("Under the TAA, a party is entitled to an interlocutory appeal from an order denying an application to compel arbitration only if it is "*made under Section 171.021* [of the TAA] . . . .") (emphasis in original); *see also ODL Servs. v. ConocoPhillips Co.*, 264 S.W.3d 399, 411 (Tex. App.–Houston [1st Dist.] 2008, no pet.) (stating that under the plain language of section 171.098(a)(1), if the application to compel arbitration is not "made under [TAA] Section 171.021," then no interlocutory appeal lies from a ruling denying that motion; ODL's motion was not made under TAA section 171.021; therefore the trial court's order denying that motion could not have been one "denying an application to compel arbitration made under Section 171.021 [of the TAA].")

We must address our jurisdiction on our own motion when necessary. *Bison Building Materials, Ltd. v. Aldridge*, 263 S.W.3d 69, 72 (Tex. App.–Houston [1st Dist.]

7

2006, pet. granted). If we conclude we have no jurisdiction, we must dismiss the appeal. *Id.* Because statutes allowing interlocutory appeals derogate the general rule that only final judgments are appealable, we must strictly construe such statutes. *Id.* (citing *Stary,* 967 S.W.2d at 352-53; *Am. Online Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex. App.–Houston [14th Dist.] 1992, no pet.) ("Texas courts strictly construe statutes authorizing interlocutory appeals.")) *see also Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 835 (Tex. App.–Austin 1984, no writ).

We have jurisdiction to review interlocutory orders only if a statute explicitly provides. *Bison*, 263 S.W.3d at 73. The court of appeals' assumption of appellate jurisdiction over an interlocutory order when not expressly authorized to do so by statute is jurisdictional fundamental error*. New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990) (citing *Long v. Humble Oil & Refining Co.*, 380 S.W.2d 554 (Tex. 1964); *McCauley v. Consolidated Underwriters*, 304 S.W.2d 265 (1957))*.*

## II. Conclusion

Because the record does not affirmatively demonstrate our statutory jurisdiction under section 171.021 of the TAA, or otherwise, we dismiss the appeal for want of jurisdiction.

DON WITTIG
Justice

Delivered and filed the
28th day of January, 2010.