**GRANT and Opinion Filed June 21, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00575-CV**

**IN RE DAVID REISS AND SPY GAMES, LLC, Relators**

**Original Proceeding from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-02498**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Garcia
Opinion by Justice Molberg

In this original proceeding, relators David Reiss and Spy Games, LLC seek to compel the respondent trial court judge to rule on six pending motions that were filed more than three to twenty-two months ago. Relators have also filed an emergency motion seeking a stay of all trial court proceedings, including the June 27, 2022 trial. We requested and received real party in interest Jason Hanson's response in which he states he is taking no position regarding the relief requested in relators' petition and emergency motion.

This is the second time that we have been asked to address respondent's failure to rule on multiple pending motions in the same case. *See In re Reiss*, No. 05-20-00708-CV, 2020 WL 6073881 (Tex. App.—Dallas Oct. 15, 2020, orig.

proceeding) (mem. op.). In the previous case, this Court conditionally granted mandamus relief after relator Reiss complained about the trial court's failure to rule on seven motions that were pending from six to over twenty-four months. *Id.* at \*1.

Having examined and considered relators' petition for writ of mandamus, real party's response, and the applicable law, we conclude, once again, that the trial court's failure to rule on multiple pending motions warrants mandamus relief. Accordingly, we grant the petition and order that the writ of mandamus issue instanter.

## BACKGROUND

The underlying proceeding is a contentious "business divorce" case between Reiss and Hanson, two owners of Spy Games, LLC. Because the factual background of the underlying suit is familiar to the parties, we do not recount it here.

In their mandamus petition, relators seek to compel the trial judge to rule on the following properly filed motions and objections, all of which were the subject of hearings conducted by the trial judge: (1) *Plaintiffs' No-Evidence Motion for Summary Judgment*, filed by relators on August 3, 2020, and heard on August 12, 2021; (2) *Plaintiff David Reiss' Traditional Motion for Summary Judgment*, filed by Reiss on June 24, 2021, and heard on August 12, 2021; (3) *Plaintiffs' Objections to Defendant Jason R. Hanson's Summary Judgment Attachments for His responses to Plaintiffs' No Evidence and Traditional Motions for Summary Judgment*, filed by relators on August 11, 2021, and heard on August 12, 2021; (4) *Plaintiffs' Motion*

–2–

*to Modify, Clarify, and/or Vacate Various Orders*, filed by relators on January 26, 2022, and heard on May 3, 2022; (5) *Plaintiff David Reiss' Motion for Reimbursement of Expenses and Motion to Require All Reimbursements to be Approved by a Third Party*, filed by Reiss on February 25, 2022, and heard on May 3, 2022; and (6) *Plaintiffs' Motion to Clarify and Permit Discovery Regarding Claims Made by Plaintiffs and Defendant Jason R. Hanson*, filed by relators on March 1, 2022, and heard on May 3, 2022.

Originally set for trial on April 15, 2019, the underlying case has been reset for trial eight times. The trial is currently set for June 27, 2022. At the May 3, 2022 hearing on the three most recently filed motions, relators' counsel urged the trial judge for a ruling on the summary judgment and discovery motions as soon as possible, which relators "desperately need[ed]." The trial judge stated she would get a ruling "by the end of the week" as long as the parties emailed their proposed orders to the court coordinator.

The record reflects that, on May 5, 2022, relators filed and additionally emailed the court coordinator a letter to the trial court calling attention to the pending summary judgment motions, noting that it has been over eight months since the trial court heard those motions. Relators included proposed orders for the summary judgment motions. Also on May 5, 2022, relators filed and additionally emailed the court coordinator a letter to the trial court calling attention to the three pending motions heard on May 3, 2022. Relators again included proposed orders for the

motions. Relators' counsel further emailed the court coordinator on May 18, 2022, and again on May 27, 2022, asking her to remind the trial judge about the pending motions.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy, available only when the relator can show the trial judge clearly abused its discretion and there is no adequate remedy by way of appeal. *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 215 (Tex. 1999) (orig. proceeding); *In re Tex. Am. Express, Inc.*, 190 S.W.3d 720, 723 (Tex. App.—Dallas 2005, orig. proceeding). A trial judge abuses her discretion if she reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co., L.L.C.*, 277 S.W.3d 124, 129 (Tex. App.—Dallas 2009, orig. proceeding).

## ANALYSIS

The act of giving consideration to and ruling on a motion that is properly filed and pending before a trial court is a ministerial act, and mandamus may issue to compel the trial judge to act. *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi-Edinburg 2014, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). To obtain mandamus relief for a trial judge's refusal to rule on a motion, the relator must establish the motion was properly filed and has been

–4–

pending for a reasonable time; the relator requested a ruling on the motion; and the trial judge refused to rule. *Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748.

A trial judge must rule "within a reasonable time" on motions that are properly filed. *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Whether a reasonable period of time has elapsed depends on the circumstances of the case. *Id.* at 662. "The test for determining what time period is reasonable is not subject to exact formulation, and no 'bright line' separates a reasonable time period from an unreasonable one." *Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748 (quoting *Blakeney*, 254 S.W.3d at 662).

> We examine a "myriad" of criteria, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first.

*Id.* at 748–49.

While trial judges have broad discretion to manage their dockets and conduct business in their courtrooms, this discretion is not unlimited. *Clanton v. Clark*, 639 S.W.2d 929, 930–31 (Tex. 1982). Trial courts also have a duty to tend to and schedule cases so as to expeditiously dispose of them. *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014); *Clanton*, 639 S.W.2d at 931.

In this case, the record before us does not reflect that any special docket conditions or other matters have prevented the trial judge from ruling on the motions that are the subject of this petition. Nor does real party attempt to defend the trial

–5–

court's delay in resolving these matters. The ninth and current trial setting is for June 27, 2022, which is less than a week away. The motions were filed more than three months to over twenty-two months ago; the summary judgment motions were heard more than ten months ago; and the remaining motions were heard almost two months ago. The record reflects that relators have requested rulings multiple times. Further, respondent has a history of failing to rule in this case, which has already required this Court to conditionally grant mandamus relief. *See In re Reiss*, 2020 WL 6073881, at *3. Based on the particular circumstances here, we conclude the motions were properly filed and have been pending a reasonable time, relators requested rulings on the motions, and the trial judge has failed to rule.

Thus, without addressing the merits of the subject motion, we grant the petition and order that a writ of mandamus issue instanter. We direct the trial court to rule on the subject motions within seven days of the date of this opinion. We also grant relators' emergency motion to the extent that we stay the trial. The stay shall remain in effect until the trial court rules on the pending motions.

220575f.p05

/Ken Molberg//
KEN MOLBERG
JUSTICE