**CONDITIONALLY GRANT and Opinion Filed May 10, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-24-00191-CV
_____

## IN RE PATRICK ROUGHNEEN, M.D., CHERIE ROUGHNEEN, AND PATRICK T. ROUGHNEEN, M.D., P.A., Relators

**Original Proceeding from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-14053**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Breedlove
Opinion by Justice Molberg

The underlying claims in this mandamus proceeding are set for trial May 20, 2024. Pending before us is the amended petition for writ of mandamus filed in February 2024[1] by relators Patrick Roughneen, M.D., Cherie Roughneen, and Patrick T. Roughneen, M.D., P.A., plaintiffs in the underlying proceeding. In their petition, relators sought to compel the respondent trial court judge to rule on four motions that had been pending for more than twenty-four months. In April 2024,

_____

[1] On the same day as their original filing, relators filed an amended mandamus petition concerning the same four motions. Unless otherwise noted, our references to relators' petition throughout our memorandum opinion refers to their amended mandamus petition.

because it appeared the trial court had ruled on at least some of those motions, we issued an order questioning our jurisdiction. Per our order, relators filed a letter brief informing us that, because of the trial court's April 2, 2024 summary judgment order, this mandamus proceeding is now moot as to two of the four motions addressed in their petition but remains ripe as to the two others. For the reasons below, we conditionally grant the petition as to relators' "Emergency Motion to Compel" and "Motion for Preliminary Finding Under Texas Occupations Code § 160.007(b)" and deny as moot the amended petition as to the other two motions.[2]

### BACKGROUND

In their underlying lawsuit, relators allege real parties in interest[3] breached a settlement agreement from an earlier dispute and engaged in various tortious acts against them. Relators assert claims for breach of contract and various torts, including tortious interference with an existing contract, tortious interference with prospective business relations, restraint of trade, and civil conspiracy. Relators collectively describe their tort claims against real parties in interest as "anticompetitive claims."

---

[2] Relators indicated the other two motions were resolved by the trial court's April 2, 2024 summary judgment order.

[3] "Real parties in interest" collectively refers to Baylor Scott & White Health, Baylor Medical Center at Grapevine ("Baylor Grapevine"), Health Texas Provider Network, Michael Mack, M.D., Ronald Jensen, D.O., William Ryan, M.D., David Brown, M.D., Trent Pettijohn, M.D., Kevin Theleman, M.D., Jose Escobar, M.D., and Texas Heart Hospital of the Southwest, L.L.P. d/b/a The Heart Hospital Baylor Plano ("Heart Hospital").

Relators served certain written discovery requests to real parties in interest in connection with their tort claims. Some of the real parties in interest refused to answer some or all discovery propounded on the basis of a peer-review privilege. Some also refused to answer questions during depositions based on the same assertion of privilege. Others refused to even present for deposition on the basis of the privilege.

Relators, in turn, moved to compel and asked the trial court to make a preliminary finding under Texas Occupations Code § 160.007(b) that the subjects of inquiry were relevant to their anticompetitive claims and, therefore, were not confidential or subject to the peer-review privilege.[4] In other words, the motion to compel asked the trial court to overrule real parties in interest's assertion of privilege and compel them to respond to the discovery to which they had refused to answer, although relators' motion only referenced depositions. Soon thereafter, relators filed a motion for preliminary finding under § 160.007(b), which largely overlapped with the motion to compel.

As originally filed and amended, in their mandamus petition, relators sought to compel the trial judge to rule on four motions: (1) "Plaintiffs' Motion for Partial Summary Judgment Against Defendants Mack, Ryan, Brown, Theleman, and

---

[4] *See* TEX. OCC. CODE § 160.007(b) ("If a judge makes a preliminary finding that a proceeding or record of a medical peer review committee or a communication made to the committee is relevant to an anticompetitive action, or to a civil rights proceeding brought under 42 U.S.C. Section 1983, the proceeding, record, or communication is not confidential to the extent it is considered relevant.").

Escobar" filed March 1, 2022; (2) "Plaintiff's Emergency Motion to Compel" filed March 17, 2022; (3) "Plaintiff's Motion for Preliminary Finding Under Texas Occupations Code § 160.007(b)" filed April 27, 2022; and (4) Defendants Michael Mack, M.D., William Ryan, M.D., David Brown, M.D., Kevin Theleman, M.D. and Jose Escobar, M.D.'s No Evidence and Traditional Motion for Summary Judgment on Plaintiffs' Settlement Agreement Breach of Contract Claims" filed April 29, 2022.

In their letter brief, relators maintain that, because of the trial court's April 2, 2024 summary judgment order, this mandamus proceeding is now moot as to the first and fourth of the four above-listed motions but remains ripe as to the second and third of the above-listed motions, which remain pending.

We requested a response to the petition, but neither respondent nor real parties filed one. Nor did either respond to relators' letter brief.

According to the mandamus record before us, the second and third of the above-listed motions were first heard on March 23, 2022, and June 9, 2022, respectively. The trial court has not yet ruled, and both motions have now been pending more than seven hundred and forty days.

### STANDARD OF REVIEW

"Mandamus is an extraordinary remedy, available only when the relator can show the trial judge clearly abused its discretion and there is no adequate remedy by way of appeal." *In re Reiss*, No. 05-22-00575-CV, 2022 WL 2236089, at *2 (Tex.

App.—Dallas June 21, 2022, orig. proceeding) (first citing *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 215 (Tex. 1999) (orig. proceeding); and then citing *In re Tex. Am. Express, Inc.*, 190 S.W.3d 720, 723 (Tex. App.—Dallas 2005, orig. proceeding)). A trial judge abuses her discretion if she reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Id.* (citing *In re Olshan Found. Repair Co., L.L.C.*, 277 S.W.3d 124, 129 (Tex. App.—Dallas 2009, orig. proceeding)).

## ANALYSIS

The act of giving consideration to and ruling on a motion that is properly filed and pending before a trial court is a ministerial act, and mandamus may issue to compel the trial judge to act. *In re Z Resorts Mgmt., LLC*, No. 05-23-00425-CV, 2023 WL 5843583, at *4 (Tex. App.—Dallas Sept. 11, 2023, orig. proceeding) (mem. op.); *see In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

To obtain mandamus relief for a trial judge's refusal to rule on a motion, the relator must establish the motion was properly filed and has been pending for a reasonable time; the relator requested a ruling on the motion; and the trial judge failed or refused to rule within a reasonable time. *In re Z Resorts Mgmt., LLC*, 2023 WL 5843583, at *3; *see In re Valle*, No. 05-24-00004-CV, 2024 WL 358114, at *1

(Tex. App.—Dallas Jan. 31, 2024, orig. proceeding) (mem. op.); *see also Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748.[5]

A relator lacks an adequate remedy by appeal from a trial court's refusal to rule on a pending motion. *Z Resorts Mgmt.*, 2023 WL 5843583, at *4.

"While trial judges have broad discretion to manage their dockets and conduct business in their courtrooms, this discretion is not unlimited." *In re Reiss*, 2022 WL 2236089, at *2 (citing *Clanton v. Clark*, 639 S.W.2d 929, 930–31 (Tex. 1982)). Trial courts also have a duty to tend to and schedule cases so as to expeditiously dispose of them. *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014); *Clanton*, 639 S.W.2d at 931.

In this case, the current trial setting is for May 20, 2024—less than one month away. The first and fourth of the motions that are the subject of relators' petition have now been ruled upon, and relators' petition is now moot as to those two motions. In contrast, the second and third motions remain pending, and they have both been pending for more than seven hundred and forty days.

---

[5] A trial judge must rule "within a reasonable time" on motions that are properly filed, considering all surrounding circumstances. *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Whether a reasonable period of time has elapsed depends on the circumstances of the case. *Id*. at 662. "The test for determining what time period is reasonable is not subject to exact formulation, and no 'bright line' separates a reasonable time period from an unreasonable one." *Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748 (quoting *Blakeney*, 254 S.W.3d at 662). We examine a "myriad" of criteria, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id*. at 748–49.

We conclude the second and third of the motions that are the subject of relators' petition were properly filed and have been pending a reasonable time, relators requested rulings on the motions, and the trial judge has failed to rule within a reasonable time. Having examined and considered relators' petition for writ of mandamus and the applicable law, this Court is of the opinion that relators have met their burden to obtain relief.

Accordingly, without addressing the merits of the two motions that remain pending, we conditionally grant the petition for writ of mandamus and direct the trial judge to (1) rule on "Plaintiff's Emergency Motion to Compel" filed March 17, 2022, and "Plaintiff's Motion for Preliminary Finding Under Texas Occupations Code § 160.007(b)" filed April 27, 2022, within five days of the date of this opinion and (2) file with the Clerk of the Court, within six days of the date of this Court's opinion and order, a copy of the trial court's orders evidencing such compliance. The writ will issue only if the trial judge fails to act in accordance with this opinion.

/Ken Molberg/
KEN MOLBERG
240191F.P05                                                  JUSTICE