Minnie M. CLANTON et al., Petitioners,

v.

Lee CLARK, Temporary Administrator, Respondent.

No. C–1212.

Supreme Court of Texas.

Oct. 6, 1982.

Rehearing Denied Nov. 3, 1982.

Stephen F. Hefner, Sherman, for petitioners.

Brown, Hill, Ellis & Brown, Barrett Keith Brown, Sherman, for respondent.

WALLACE, Justice.

This is an appeal from an order dismissing a will contest for failure to file security for costs. The court of appeals affirmed the trial court's dismissal. 635 S.W.2d 567 (Tex.App.). We affirm the judgment of the court of appeals. The issue before us is whether or not the trial court abused its discretion by dismissing the contestants' claim because they failed to timely post security for costs.

On May 21, 1980, Lee Clark filed an Application for Probate of the Will of Louise D. Templeton, in the County Court of Grayson County, Texas. Seeking to contest Clark's Application were Mary Evelyn Jaco, a Grayson County resident and niece of a former husband of the decedent, and four of decedent's cousins (hereinafter the "Clantons") who were residents of Arizona and Oklahoma.

Involved within the contest was a question concerning the whereabouts of a 2.95 carat diamond ring belonging to the estate. Mrs. Jaco had received the ring, along with other personal possessions of Mrs. Templeton, from the hospital a few hours after her death. The trial court conducted three different hearings in June and August, in an attempt to compel Mrs. Jaco to appear and deliver this ring. At the first hearing on

June 9, Jaco's attorney was on vacation and had another attorney appear for Mrs. Jaco. The substitute attorney agreed to an order requiring Mrs. Jaco to deliver the ring in question to the County Clerk by 5:00 p.m. on June 9. At the second hearing, on June 25, Mrs. Jaco's attorney stated that the substitute attorney who had appeared at his request on June 9, did not have the authority to agree to that order. He further claimed that Mrs. Jaco had been on vacation at an unknown location at the time of the first hearing and still could not be reached. A Grayson County Deputy then testified that in his opinion Mrs. Jaco was evading service of process. It is apparent from the record that the Court agreed.

At the third and final hearing on August 8, Mrs. Jaco testified that she had given the ring to her husband on the day of Mrs. Templeton's death and had not seen it again until the day she delivered it to the County Clerk. Mr. Jaco testified that he took the ring to a bank in Dallas, the name of which he could not recall, and placed it in a· safety deposit box to which his son had the keys. Mr. Jaco further testified that he did not know where his son was, and therefore was unable to secure the ring during the period from June 9, (the date he was notified of the Court's order to deliver the ring to the County Clerk), until the first week of July when a ring was delivered to· the Clerk. The court found that the ring delivered to the County Clerk was not the ring Mrs. Jaco received from the hospital as part of the personal effects of Mrs. Templeton, and as a result, ordered Mrs. Jaco committed to jail for contempt of court. Though the case was set for trial on September 24, 1980, no further proceedings were held until January 14, 1981. The reason for the delay does not appear in the record.

The court held a pre-trial hearing on January 14, 1981, and ordered both parties to post security for costs by February 6, 1981. On February 2, only four days before the deadline for filing security for costs, the attorneys for the Clantons mailed a bond form to an attorney in Phoenix, Arizona, to be signed by the contestants living there. The bond was then to be mailed to one of the contestants living in Oklahoma, and after being executed, returned to the attorney in Sherman, Texas. The attorney's only contact with the court regarding the deadline for filing the bond was a letter, written during the course of these mailings, stating, "The geographical location [of the contestants] will necessitate a late filing . . . ." On February 27, after the contestants had failed to timely file their security, the County Court dismissed the will contest. The contestants' attorney finally did file a bond in the amount of $1,000 on March 3.

Mrs. Jaco did not protest the order of dismissal nor appeal therefrom. The Clantons, however, contend the trial court abused its discretion in dismissing the will contest because (1) they did not refuse to file a bond for costs but were merely detained in filing it, and (2) the trial court did not provide them with an option to deposit cash with the Clerk rather than posting a bond, arguing that if they had been given the option to deposit cash they could have done so on time.

The court's January 14 pre-trial order was based on Rule 143, Tex.R.Civ.Pro., which provides:

A party seeking affirmative relief may be ruled to give security for costs at any time before final judgment, upon motion of any party, or any officer of the court interested in the costs accruing in such suit, or by the court upon its own motion. If such rule be entered against any party and he failed to comply therewith on or before twenty (20) days after notice that such rule has been entered, the claim for affirmative relief of such party shall be dismissed.

This pre-trial order specified that attorneys for both parties had to file *and* give security for costs. The order did not, as is contended by the Clantons, require the posting of a bond. The Clantons had the option to

post a bond *or* deposit with the Clerk such sums as the court might from time to time require to cover accrued costs. *Buck v. Johnson,* 495 S.W.2d 291 (Tex.Civ.App.—Waco 1973, no writ). Rule 146, Tex.R.Civ. Pro. A $1,000 bond was filed by the Clantons on March 3. As it was not an open-end bond, it was insufficient. *Mosher v. Tunnell,* 400 S.W.2d 402 (Tex.Civ.App.—Houston, 1966, writ ref'd); *Buck v. Johnson,* supra. The Clantons argue that it was impossible to post an open-end bond because the insurance agents contacted by their attorney advised that the insurer would not issue such a bond to a non-resident. No attempt was made to file a personal bond even though one of the principals was a resident of Grayson County. Therefore we find no merit in that contention.

■ We do not find merit in the contention that the Clantons did not refuse to file security for costs but were merely detained in doing so. Rule 143 provides for dismissal for *failure* to file security within 20 days of receipt of notice to do so. On January 15, notice was given to both attorneys to file security for costs. As of February 27, 44 days later, no security had been filed by the Clantons. They took no action prior to the order of dismissal to secure an extension of time in order to give security for costs. This constitutes a failure to file security as contemplated by the Rule.

■ We also find no merit in the Clantons' argument that dismissal of the cause of action violated their due process rights under the United States and Texas Constitutions. They were notified and attended a judicial hearing at which the order for security for costs was rendered, pursuant to the Texas Rules of Civil Procedure, and they agreed to the order. The Clantons had notice of Tex.R.Civ.Pro. 143, but chose instead to ignore the time schedules as set out by the Rules and the court. Therefore, having received adequate notice of the hearing, having been on notice of the Rules, and having had an opportunity to be heard at those hearings, the Clantons were not denied due process of the law.

Lastly, the Clantons argue that the trial court abused its discretion in dismissing the suit because there were no costs due as of the date of dismissal. As set out above, the court had conducted three hearings at which 637 pages of testimony were recorded and transcribed. The record does not reflect payment of any of the court reporter fees or other court costs. To the contrary, the record does contain a statement and a letter from one of the court reporters dated February 25, 1981, two days prior to the order of dismissal. The statement is for $530.78 for transcribing the testimony taken on August 8, 1980, and the accompanying letter threatens to sue for that sum unless it is paid. This argument is without merit.

■ We further find that the trial court did not abuse its discretion by dismissing the cause when a further pre-trial hearing was scheduled. The facts heretofore recited are evidence that the trial court was experiencing great difficulty in obtaining the compliance of the Clantons' attorney with the court's schedule. Given the actions of the Clantons' attorney, we cannot say that the court abused its discretion by dismissing the cause. The trial court has a duty to schedule its cases in such a manner as to expeditiously dispose of them. For this reason the court is given wide discretion in managing its docket, and we will not interfere with the exercise of that discretion absent a showing of clear abuse. No such abuse has been shown here.

The judgment of the court of appeals is affirmed.