Opinion
issued January 31, 2011



 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.
01-09-00371-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CLIFTON SCHOEN D/B/A TEXAS BULKHEAD AND CONSTRUCTION,
Appellant

 

V.

 

REDWOOD
CONSTRUCTION, INC., Appellee

 

 



On
Appeal from the 152nd District Court

Harris
County, Texas

Trial
Court Cause No. 2006-46363

 

 



MEMORANDUM
OPINION

Clifton Schoen, d/b/a Texas Bulkhead and Construction, appeals a
final take-nothing summary judgment in favor of Redwood Construction, Inc.  Raising three issues, Schoen asserts that: (1)
the trial court abused its discretion by permitting Redwood to file its summary‑judgment
motion after the docket‑control order deadline; (2) the trial court abused
its discretion in permitting Redwood to file an amended answer after the docket‑control
order deadline; and (3) the trial court erred in rendering summary judgment on
the basis of res judicata and collateral estoppel.  We affirm.

Statement of Facts

FPA Waterfront Associates hired Redwood Construction, Inc. as the
general contractor for a refurbishment project for one of its properties,
Waterfront Apartments.  Redwood subsequently
invited Schoen to bid as a subcontractor for a portion of the work, including
labor and material to install a bulkhead, boardwalk, and decking.  On May 7, 2004, Schoen submitted and Redwood
accepted a bid for $179,057.60 and work began in May 2004 and continued through
August 2004.  Throughout this time, Schoen
furnished labor and materials to install 520 linear feet of vinyl bulkhead and
3,120 square feet of boardwalk, as well as decking and other materials and
labor.  Redwood paid Schoen’s invoices
until late July; however, the final three invoices dated 7-28-04, 8-19-04, and
8-20-04, totaling $94,062.80, were not paid.

          Seeking recovery of the $94,062.80
owed, Schoen filed suit against Redwood in late 2005,[1]
raising claims of breach of contract, action on a sworn account, and quantum
meruit.  At the time of trial on May 31,
2006, Schoen’s complaint had been amended to include FPA Waterfront Associates
as a defendant, and since Redwood had yet to have been served, Schoen proceeded
to a bench trial against FPA Waterfront Associates alone.  Redwood was thereafter “nonsuited” on June 20,
2006.[2]

          On December 29, 2008, the trial court
signed findings of fact and conclusions of law in the “First Lawsuit,” stating
that Schoen had failed to comply with material obligations of his subcontract
with Redwood, Schoen failed to substantially perform his obligations under the
subcontract, the work that Schoen had done was of no benefit and had no value,
and the failure to pay the balance of the subcontract price was excused by
Schoen’s failure to comply with material obligations of the contract.  The trial court’s conclusions of law recited
that Schoen failed to provide consideration for the obligation to pay Schoen
for the amounts sued for and Schoen was not entitled to recovery under quantum
meruit (among other reasons[3])
because he was fully paid for materials and FPA Waterfront Associates did not
benefit from his labor.  Several weeks
later, on February 2, 2009, the trial court signed a take‑nothing
judgment in favor of FPA Waterfront Associates in the “First Lawsuit.”

          Schoen’s second suit in pursuit of the
$94,062.80 was filed against Redwood on July 28, 2006 with claims identical to
those previously asserted: breach of contract, action on a sworn account, and
quantum meruit.  On March 6, 2009,
Redwood amended its answer, asserted the affirmative defenses of res judicata
and collateral estoppel, based on the trial court’s judgment in the “First
Lawsuit.”  Redwood also filed a motion
for traditional summary judgment grounded on these same affirmative defenses.  Schoen objected that both Redwood’s amended
answer and motion for summary judgment were time-barred because the trial
court’s docket‑control order set a March 7, 2008 deadline for pleadings
and a February 8, 2008 deadline for filing summary‑judgment motions.  Schoen further contended that the affirmative
defense of res judicata was inapplicable since Redwood was not a party to the
prior suit against FPA Waterfront Associates and the collateral‑estoppel
defense was inapplicable because the second suit involved a completely
different cause of action and claim for recovery.

          On April 3, 2009, the trial court
heard and granted Redwood’s motion for traditional summary judgment,
specifically stating that it was granting Redwood leave to file amended pleadings,
deeming Redwood’s amended answer timely filed, and rendering a take-nothing
judgment in favor of Redwood.

Discussion

          Schoen raises three issues.  First, that the trial court erred in allowing
Redwood to file a summary‑judgment motion after the deadline set by the
trial court’s docket‑control order. 
          Second, that the trial
court erred in permitting the filing of a motion for summary judgment based on
the affirmative defenses of res judicata and collateral estoppel because these
defenses were raised in a pleading filed after the pleadings deadline.  Third, that summary judgment was improper
because res judicata and collateral estoppel were inapplicable under the facts
of this case.

A.              
Standard of Review

We review a trial court’s decision to grant a motion for summary
judgment de novo.  See Tex. Mun. Power
Agency v. Pub. Util. Comm’n, 253 S.W.3d 184, 192, 199 (Tex. 2007).  Absent specification of the
grounds upon which summary judgment was rendered, we must affirm the summary
judgment if any of the grounds in the summary judgment motion are
meritorious.  FM Props. Operating Co.
v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).

     Under the traditional summary‑judgment
standard, the movant has the burden to show that no genuine issues of material
fact exist and that it is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548 (Tex. 1985).  In deciding whether
there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true, every reasonable inference
indulged in favor of the nonmovant, and any doubts resolved in its favor.  Nixon, 690 S.W.2d at 548–49.  If
the motion involves the credibility of affiants, or the weight to be given to
evidence, the motion should not be granted. 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,
391 S.W.2d 41, 47 (Tex. 1965); Tabor v. Med. Ctr. Bank, 534 S.W.2d 199,
200 (Tex. Civ. App.—Houston [14th Dist.] 1976, no writ).  A defendant moving for a traditional summary judgment must
conclusively negate at least one essential element of each of the plaintiff’s
causes of action or conclusively establish each element of an affirmative
defense.  Sci. Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  After a defendant has done so, the burden then
shifts to the plaintiff to produce evidence creating a fact issue on the
element or defense in order to defeat the summary judgment.  See Walker v. Harris, 924 S.W.2d 375,
377 (Tex. 1996).

B.              
Trial Court’s Discretion in Enforcing Scheduling Orders

Schoen’s first two issues involve the trial court’s enforcement of
its docket‑control order, specifically the deadlines for amended
pleadings and summary‑judgment motions. 
Absent cites to any authority to support his position, Schoen argues
that the court’s consideration of Redwood’s summary‑judgment motion and
amended answer filed after the docket‑control order deadlines was time
barred.

A trial court must allow the parties to amend their pleadings up to
the deadline for amending pleadings.  Tex R. Civ. P. 63.  Even after the time for filing amended
pleadings has past, the trial court must grant leave to file an amended
pleading unless (1) the party opposing the amendment presents evidence of
surprise or prejudice, or (2) the amendment asserts a new cause of action or
defense and thus is prejudicial on its face, and the opposing party objects to
the amendment.  G.R.A.V.I.T.Y. Enters. v. Reece Supply Co., 177 S.W.3d 537, 542
(Tex. App.—Dallas 2005, no pet).  In
these two situations, the decision to allow or deny the amendment rests with
the sound discretion of the trial court, and that decision will not be
overturned unless it constitutes a clear abuse of discretion.  Id.
at 542.

A trial court is also given wide discretion in managing its docket
and enforcing scheduling orders and retains authority under Rule 166 to modify
a scheduling order to prevent manifest injustice.  See Tex R. Civ. P. 166; Clanton v. Clark, 639 S.W.2d 929, 931
(Tex. 1982); Trevino v. Trevino, 64
S.W.3d 166, 170 (Tex. App.—San Antonio 2001, no pet.).  By setting the summary judgment for
submission, the trial court implicitly modified the docket‑control
order.  Trevino, 64 S.W.3d at 170).  We
will not interfere with the exercise of the trial court’s discretion in these
respects absent a showing of clear abuse. 
Clanton, 639 S.W.2d at 931.

The scheduling and docketing order at issue is dated August 11,
2007.  In the record are three joint
motions for continuance in which both parties repeatedly asked the trial court
to continue the case until at least 120 days after the judgment in the “First
Lawsuit,” acknowledged that the resolution of that case “would likely be
determinative of some or all of the issues in this lawsuit,” and requested the
issuance of a new scheduling/docketing order. 
The record in this case reflects that the affirmative defenses of res
judicata and collateral estoppel did not become available to Redwood until
after the judgment in the “First Lawsuit” became final on March 4, 2009.  The amended answer and the summary judgment
were filed two days later.  It was within
the discretion of the trial court to permit the filing of the amended answer
raising the newly available affirmative defenses, see G.R.A.V.I.T.Y. Enters., 177 S.W.3d at 542, and to permit the
filing of a motion for summary judgment based on the newly amended answer.  See Tex R. Civ. P. 166; Clanton, 639 S.W.2d at 931; Trevino, 64 S.W.3d at 170.  Under the circumstances of this case, no
abuse of discretion is show.

We overrule Schoen’s first two issues.

C.              
Applicability of Res Judicata or Collateral Estoppel

Schoen’s final issue asserts that the trial court erred in rendering
summary judgment on the basis of either res judicata or collateral
estoppel.  We consider first whether
summary judgment was proper on the collateral‑estoppel ground.

          The doctrine of collateral estoppel
precludes litigation of ultimate issues of fact actually litigated and
essential to the judgment in the prior suit.  Getty Oil Co. v. Ins. Co. of N.
Am., 845 S.W.2d 794, 801 (Tex.
1992).  It is not necessary that parties be identical
in both suits; it is only necessary that the party against whom collateral
estoppel is being asserted had a full and fair opportunity to litigate the
issue.  See Eagle Props., Ltd. v. Scharbauer, 807 S.W.2d 714, 721 (Tex.
1990).  In its findings of facts in the
“First Lawsuit,” the trial court found that Redwood’s failure to pay the
balance of the subcontract price was excused by Schoen’s failure to comply with
material obligations of the contract and that the work that Schoen had done was
of no benefit and had no value.  The
trial court used these factual findings to determine that Schoen had provided
no consideration for any contract and that there was no basis for recovery in
quantum meruit.  These factual findings
would preclude any recovery under any of the causes of action asserted against
Redwood.  Because Schoen was attempting
to relitigate issues already decided against it in the “First Lawsuit,” we hold
that summary judgment could be properly granted under the doctrine of
collateral estoppel.

          Having determined that summary
judgment was proper on the collateral‑estoppel ground, we need not
consider the applicability of the doctrine of res judicata.  We hold that the trial court did not err in
granting Redwood’s motion for summary judgment. 
We overrule Schoen’s third issue.

Conclusion

We
affirm the judgment of the trial court.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel consists of Chief Justice Radack and Justices
Bland and Sharp.











[1]               Schoen
v. Redwood Constr., Inc., No. 2005-00555 (152d Dist. Ct., Harris County, Tex. filed 2005).

 





[2]
              This was technically a voluntary
dismissal of claims, rather than a nonsuit. 
See C/S/ Solutions, Inc. v. Energy Maint. Servs. Grp. LLC, 274 S.W.3d
299, 306–07 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

 





[3]
              The trial court additionally concluded that
Schoen could not recover against FPA Waterfront Associates under quantum meruit
because he had an express contract with Redwood.  The court also made conclusions of law that,
in addition to a failure of consideration, Schoen was not entitled to recover
from FPA Associates under his theories of contract or sworn account because Schoen
had no contract with FPA Waterfront Associates, but only with Redwood.