**AFFIRM; and Opinion Filed March 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01735-CV

**JUANITA J. GAROFALO, Appellant**
**V.**
**CHANDLER MANAGEMENT D/B/A MCCALLUM CROSSING APARTMENTS,**
**Appellee**

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 05-01979-2012**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lang-Miers

Juanita J. Garofalo, pro se below and on appeal, appeals from the trial court's take-nothing judgment against her and awarding Chandler Management d/b/a McCallum Crossing Apartments its attorney's fees. The parties are familiar with the facts of this case and we limit our recitation of the facts to those necessary for resolution of the appeal. Because the issues are settled, we issue this memorandum opinion. TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

Garofalo filed a lawsuit in small claims court against Chandler, her landlord, alleging discrimination, harassment, threatening behavior, misrepresentation, breach of contract, and threatening the rights of comfort, health, and safety of herself and her child. In a separate action, Chandler sought to evict Garofalo for nonpayment of rent, after which Garofalo amended her

lawsuit to add claims for intentional infliction of mental and emotional distress and unlawful retaliation. After a bench trial on Garofalo's claims, the justice court granted a take-nothing judgment against her and awarded attorney's fees to Chandler.

Garofalo appealed to the county court at law. Chandler filed a no-evidence motion for partial summary judgment asserting that Garofalo had no evidence to support specific elements of her breach of contract and fraud claims. *See* TEX. R. CIV. P. 166a(i). The motion also stated "there is no evidence as to every element on any of the claims asserted by Plaintiff in *Plaintiff's Original Petition* and/or as subsequently amended." Chandler notified Garofalo of the date the trial court would hear the motion "by submission (no oral argument)," and Garofalo filed a motion, titled "Motion to Repeal Judgement on Defendants No-Evidence Motion for Partial Summary Judgement," in which she asked the trial court to remove the setting from the court's docket. She said the court had granted her an extension in which to respond to Chandler's discovery requests, and, as a result, the summary judgment motion was "not applicable at this time."

Meanwhile, Garofalo did not file a response to the summary judgment motion, and the trial court considered the motion as scheduled. The court signed an interlocutory order granting Chandler's summary judgment motion and denying Garofalo's "Motion to Repeal." The sole remaining issue was Chandler's request for attorney's fees. A few months later, the court rendered a final take-nothing judgment against Garofalo and awarded Chandler attorney's fees, interest, and court costs.

On appeal to this Court, Garofalo argues that the final judgment is erroneous and prays that we will render a take-nothing judgment against Chandler. She complains that the summary judgment motion should not have been considered at all because the court granted her an extension in which to file responses to Chandler's discovery requests. Chandler states that

Garofalo's "Motion to Repeal" is more like a motion for continuance of the summary judgment setting and argues that the motion did not satisfy the requirements of a motion for continuance. Garofalo argues in reply that her "Motion to Repeal" was not a motion for continuance and should be construed only as a request to remove the summary judgment setting from the trial court's docket.

A trial court has broad discretion to manage and control its docket, and the complainant must show that the court clearly abused its discretion. *Thomas v. Clayton*, No. 04-10-00188-CV, 2010 WL 3505141, at *1 (Tex. App.—San Antonio Sep. 8, 2010, no pet.) (mem. op.) (citing *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982)). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

The record here shows that at the time the trial court considered the summary judgment motion, all responses to discovery had been served at least two weeks before and there were no discovery requests pending.[1] The record also shows that at the time of the hearing Garofalo had not filed a response to the summary judgment motion. *See* TEX. R. CIV. P. 166a(i). And although she had asked the court to remove the setting from its docket, she stated as her reason that the motion was "not applicable at this time." She did not ask for additional time in which to respond to the motion or state that she had inadequate time for discovery. *See* TEX. R. CIV. P. 166a(g), (i) & cmt. 1997. We conclude that Garofalo has not shown that the trial court clearly abused its discretion by refusing to remove the summary judgment setting from its docket solely because the court had granted Garofalo an extension in which to file her discovery responses.

---

[1] The record shows that Garofalo filed her "First Set of Discovery Requests" a second time about three weeks before the scheduled setting on the summary judgment motion, but those requests were duplicates of her initial discovery requests.

Rule 166a(i) "requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion."[2] *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). If the nonmovant fails to satisfy its burden, the trial court "must grant the motion[.]" TEX. R. CIV. P. 166a(i). Because Garofalo did not file a response to Chandler's no-evidence summary judgment motion, we conclude that the trial court did not err by granting the motion. *See id.*; *see also P-K Charter, Inc. v. Tumche Corp.*, No. 2-06-350-CV, 2007 WL 3037743, at *2–3 (Tex. App.—Fort Worth Oct. 18, 2007, no pet.) (mem. op.).

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

121735F.P05

---

[2] We note that Chandler's summary judgment motion identified specific elements of Garofalo's breach of contract and fraud claims for which it contended there was no evidence, but it did not identify any specific elements for which it contended there was no evidence on her other claims. *See* TEX. R. CIV. P. 166a(i) & cmt. 1997. However, Garofalo does not complain about the sufficiency of Chandler's motion.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUANITA J. GAROFALO, Appellant

No. 05-12-01735-CV      V.

CHANDLER MANAGEMENT D/B/A
MCCALLUM CROSSING
APARTMENTS, Appellee

On Appeal from the County Court at Law
No. 5, Collin County, Texas
Trial Court Cause No. 05-01979-2012.
Opinion delivered by Justice Lang-Miers,
Justices Francis and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Chandler Management d/b/a McCallum Crossing Apartments recover its costs of this appeal from appellant Juanita J. Garofalo.


Judgment entered this 5th day of March, 2014.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE