December 8, 2014

Mr. Steven E. Watson
Palo Pinto County Auditor
Post Office Box 159
Palo Pinto, Texas 76484

Opinion No. GA-1093

Re: Authority of a third party, pursuant to contract under article 103.0031 of the Code of Criminal Procedure, to make changes to a court's docket, documents, or records (RQ-1206-GA)

Dear Mr. Watson:

You ask three questions related to whether certain attorneys or vendors may be allowed to notate or amend specific court documents.[1] Article 103.0031 of the Code of Criminal Procedure authorizes a commissioners court to "enter into a contract with a private attorney or a public or private vendor for the provision of collection services" for unpaid fines and fees. TEX. CODE CRIM. PROC. ANN. art. 103.0031(a) (West 2006). You explain that many of these attorneys or vendors "either maintain copies of the court's records on their own computer systems or have direct electronic access to the court's records." Request Letter at 2. You further explain that "some vendors are able to . . . make notes in the court's records, update status codes, and in some instances, make substantive changes to the court's records." Id.

Related to these arrangements between counties and third parties, you first ask "what constitutes court records and a court docket." Id. at 5. Both of the terms "court record" and "court docket" can have various meanings depending on the context in which they are used. The common understanding of "court record" is "the official report of proceedings in a case, including the filed papers, a verbatim transcript of the trial or hearing (if any), and tangible exhibits." BLACK'S LAW DICTIONARY 1387 (9th ed. 2009); see also Tex. R. Civ. P. 76a(2) (defining "court records" to include "all documents of any nature filed in connection with any matter before any civil court" for purposes of sealing court records). Common understandings of "docket" include both a "formal record [of] all the proceedings and filings in a court case" and a "schedule of pending cases." BLACK'S LAW DICTIONARY 552 (9th ed. 2009). In line with the

---

[1]See Letter from Steven E. Watson, Palo Pinto Cnty. Auditor, to Honorable Greg Abbott, Tex. Att'y Gen. at 4 (June 12, 2014), https://www.texasattorneygeneral.gov/opin ("Request Letter").

former definition, article 45.017 of the Code of Criminal Procedure requires justice and municipal courts to keep a "docket" that contains a list of information, including the "style and file number of each criminal action," "the nature of the offense charged," and the date and nature of the proceedings that follow. TEX. CODE CRIM. PROC. ANN. art 45.017(a) (West 2006); *see also* Tex. R. Civ. P. 26, 507.3(a) (requiring courts to keep civil dockets containing similar information). Apart from official dockets, courts may also keep "schedule" dockets that serve as administrative instruments for the court. *See* Tex. Att'y Gen. Op. No. GA-1035 (2014) at 4 (explaining that a schedule docket is not a "record" for purposes of certain confidentiality statutes). Due to the various meanings of the terms "court record" and "court docket" depending on their context, it is impossible to provide a single definition that will apply in all instances. Furthermore, it is unclear whether the specific documents about which you ask would be considered either court records or a court docket in any given context.

Your second question asks whether a private attorney or vendor may "make informative, but non-substantive notes or changes, such as status codes, to the court's records or docket." Request Letter at 5. Section 37.10 of the Penal Code makes it a criminal offense to tamper with a governmental record, which includes a court record. TEX. PENAL CODE ANN. §§ 37.01(2)(A), .10(a) (West Supp. 2014). "Court record," for purposes of section 37.10, is defined as a "decree, judgment, order, subpoena, warrant, minutes, or other document issued by a court." *Id.* § 37.01(1). To the extent that information in an official "court record" is being changed "*without the court's knowledge or involvement*," such activity would likely be prohibited by section 37.10.[2] Request Letter at 2; *see* TEX. PENAL CODE ANN. § 37.10 (West Supp. 2014); *see also* TEX. CODE CRIM. PROC. ANN. art 45.017(a) (West 2006) (requiring the judge or clerk of the court to "keep" the docket). Courts, however, are given wide discretion in managing their dockets, and a reviewing court will not interfere with the exercise of that discretion absent a showing of a clear abuse of discretion. *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). Allowing private attorneys or vendors with whom the county has contracted for collections services to make notations about the status of collections efforts on court documents would likely fall within a court's broad discretion in managing the docket.

Your final question asks whether a contract for collection services impliedly allows non-judicial personnel to change entries in the court's documents. Request Letter at 5. Whether a specific contract allows such changes would require review of that contract, which is outside the purview of an attorney general opinion. Tex. Att'y Gen. Op. No. GA-0883 (2011) at 4. As discussed above, however, a contract entered into pursuant to article 103.0031 of the Code of Criminal Procedure could allow private attorneys and vendors to make changes to court documents used jointly by the county and the collection services provider to communicate information related to collection efforts, so long as those changes are authorized by the court.

---

[2]Whether any specific conduct amounts to a violation of a criminal statute will require a factual inquiry and is beyond the scope of an attorney general opinion. Tex. Att'y Gen. Op. No. GA-0760 (2010) at 3.

## S U M M A R Y

Section 37.10 of the Penal Code prohibits tampering with governmental records, which include court records. To the extent that information in an official court docket is being changed without the court's knowledge or involvement, such activity would likely be prohibited by section 37.10.

Allowing private attorneys or vendors with whom the county has contracted for collections services to make notations about the status of collections efforts on court documents would likely fall within a court's broad discretion in managing the docket.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee