**Opinion issued March 12, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00886-CV

———————————

## IN THE INTEREST OF E.C.D., A Child

---

**On Appeal from the 315th District Court
Harris County, Texas
Trial Court Case No. 2016-05083JA**

---

## MEMORANDUM OPINION

This is an appeal from a decree terminating the parental rights of the natural father of E.C.D. The Texas Department of Family and Protective Services filed an original petition for termination of the father's rights to E.C.D., but by the time of trial, it recommended that E.C.D.'s maternal grandmother be appointed sole managing conservator and that the natural parents be appointed possessory

conservators with a limited right to visitation. E.C.D.'s foster parents wished to adopt her, and they intervened in this case a week before the trial setting. They sought termination of the natural parents' rights and appointment as joint managing conservators of E.C.D. The trial court denied a motion to strike the foster parents' intervention, and after a trial on the merits, it ruled in favor of the foster parents.

On appeal, the natural father argues that the trial court abused its discretion by denying the motion to strike the intervention. He also argues that the trial court abused its discretion by recessing the trial to permit discovery and mediation when the statutory dismissal date had passed.

We affirm the decree of the trial court.

## Background

E.C.D. was born in February 2016. Months later, the Department of Family and Protective Services investigated an allegation that the father had physically abused E.C.D.'s older sister. Based on that investigation, the Department took E.C.D. and her four older siblings into protective custody, and on September 16, 2016, it filed an original petition for termination of the parents' rights. At that time, E.C.D. was seven months old, her sisters were two and six years old, and her brothers were three and eight years old. The four older children were placed with the maternal grandmother, and E.C.D. was placed in foster care. In March 2017, E.C.D. was placed with the foster parents who now wish to adopt her.

About seven months after the children were placed in the maternal grandmother's home, she filed a petition in intervention, seeking termination of the natural parents' rights to all five children and appointment as their sole managing conservator. In August 2017, the parents, the Department, Child Advocates, and the maternal grandmother entered into a mediated settlement agreement providing that the maternal grandmother would be appointed sole managing conservator of the four older children. The agreement also provided that the Department would conduct a home study on the feasibility of placing E.C.D. with her grandmother and siblings.

The day after the mediated settlement agreement was filed with the trial court, Hurricane Harvey came ashore in Texas, creating a state of disaster in Harris County. *See* Misc. Docket No. 17-9091 (Tex. Aug. 28, 2017) ("all courts in Texas should consider disaster-caused delays as good cause for modifying or suspending all deadlines and procedures—whether prescribed by statute, rule, or order—in any case, civil or criminal."). The trial court extended the dismissal date by order, stating: "the new dismissal date is DECEMBER 8, 2017 unless a trial on the merits has commenced by that date or the Supreme Court has extended its emergency order."

A week before trial, on December 1, 2017, E.C.D.'s foster parents filed a petition in intervention seeking termination of the natural parents' rights and

appointment as joint managing conservators of E.C.D. By then, an addendum to the grandmother's home study had been completed, approving her as a viable placement for E.C.D. The maternal grandmother filed a motion to strike the foster parents' intervention, arguing that it "complicates the case by an excessive multiplication of the issues," and that, due to the late filing of the intervention, she was prevented "from properly conducting discovery."

At trial, the grandmother argued that the foster parents' petition in intervention should be struck because the case was nearly "wrapped up," and the intervention would necessitate a contested trial. The natural father also argued against the intervention, noting that the grandmother's home study had been updated to approve the placement of E.C.D. with her siblings. He also argued that the foster parents lacked standing to intervene due to a change in the statute. The foster parents maintained that they had standing to intervene under the statute and that the primary consideration was the best interest of E.C.D.

The trial court denied the motion to strike the foster parents' intervention. Trial began with brief testimony from a Department caseworker, and the trial court recessed the trial for 60 days to permit the parties to mediate and conduct discovery. Trial continued on February 9, 2018, when the court entered judgment in accordance with the mediated settlement agreement, and it severed the portion of the case pertaining to the four older children and recessed the case as to E.C.D.

4

Trial on the merits continued on September 7, 2018, and after hearing testimony from both parents, a caseworker, Child Advocates, the maternal grandmother, and the foster father, the trial court entered a decree terminating the natural parents' rights to E.C.D. and appointing the foster parents as her joint managing conservators.[1] The natural father appealed.

## Analysis

In his sole appellate issue, the natural father argues that the trial court abused its discretion by denying the maternal grandmother's motion to strike the intervention. Within his argument on this issue, he asserts that the trial court abused its discretion by recessing the trial to permit discovery and mediation when the statutory dismissal date had passed.

## I. The foster parents had standing to intervene in the lawsuit.

We review a trial court's ruling on a motion to strike an intervention for an abuse of discretion. *In re A.M.*, 60 S.W.3d 166, 168 (Tex. App.—Houston [1st Dist.] 2001, no pet.). A trial court abuses its discretion by making an arbitrary or unreasonable decision. *See id.*

---

[1] On appeal, the natural father challenges the intervention, but he raised no challenge to the evidentiary support for the trial court's action. Undisputed evidence, including some of his own testimony, supported the finding that the father committed a predicate act. Evidence pertaining to the best interest of E.C.D., including whether placement with the grandmother or the foster parents was in her best interest, was disputed by the witnesses. Determination of what was in the best interest of E.C.D. depended on the trial court's assessment of the witnesses' credibility. *See In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009).

Standing to file suit for termination of a parent's rights to his child is governed by Chapter 102 of the Texas Family Code. *See* TEX. FAM. CODE §§ 102.003–.007. Standing to intervene is controlled by section 102.004(b). *Id.* § 102.004(b). In 2017, the Legislature amended section 102.004(b), providing that a "foster parent may only be granted leave to intervene" if he or she "would have standing to file an original suit." TEX. FAM. CODE § 102.004(b)). The legislation specifically stated that the amendment would apply to cases in which an original petition was filed on or after the effective date, September 1, 2017, and the former law was continued in effect to apply to suits filed before September 1, 2017.[2] The Department filed the original suit for termination of the natural parents' rights on September 16, 2016. Therefore, we apply the prior version of section 102.004 to

---

[2]    Section 2 of the Act provided:

> The changes in law made by this Act apply only to an original suit affecting the parent-child relationship filed on or after the effective date of this Act. An original suit affecting the parent-child relationship filed before the effective date of this Act is subject to the law in effect at the time the suit was filed, and the former law is continued in effect for that purpose.

Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 6, 1995 Tex. Gen. Laws 125, *amended by* Act of May 26, 1999, 76th Leg., R.S., ch. 1048, § 1, 1999 Tex. Gen. Laws 3877–78, *amended by* Act of May 29, 2005, 79th Leg., R.S., ch. 916, § 3, 2005 Tex. Gen. Laws 3149, *amended by* Act of May 28, 2007, 80th Leg., R.S., ch. 1406, § 2, 2007 Tex. Gen. Laws 4815, *amended by* May 19, 2017, 85th Leg., R.S., ch. 340, § 2.

determine whether the trial court abused its discretion by denying the motion to strike the foster parents' intervention.[3] *See id.*

In September 2016, section 102.004 provided:

> (b) An original suit requesting possessory conservatorship may not be filed by a grandparent or other person. However, *the court may grant* a grandparent *or other person deemed by the court to have had substantial past contact with the child leave to intervene in a pending* suit filed by a person authorized to do so under this subchapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development.

Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 6, 1995 Tex. Gen. Laws 125, *amended by* Act of May 26, 1999, 76th Leg., R.S., ch. 1048, § 1, 1999 Tex. Gen. Laws 3877–78, *amended by* Act of May 29, 2005, 79th Leg., R.S., ch. 916, § 3, 2005 Tex. Gen. Laws 3149, *amended by* Act of May 28, 2007, 80th Leg., R.S., ch. 1406, § 2, 2007 Tex. Gen. Laws 4815 (amended 2017) (emphasis added).

---

[3] In his brief, the natural father relies on Texas Rule of Civil Procedure 60, the general rule governing intervention. *See* TEX. R. CIV. P. 60. Because the Legislature has "promulgated a separate provision governing interventions in family law cases that explicitly sets out the circumstances under which a non-parent may ask a trial court's permission to intervene in a suit affecting a parent-child relationship," we apply the statute as opposed to the more general rule of procedure. *L.J. v. Texas Dep't of Family & Protective Servs.*, No. 03-11-00435-CV, 2012 WL 3155760, at *8 (Tex. App.—Austin Aug. 1, 2012, pet. denied) (mem. op.) (explaining that intervention under Rule 60 is a matter of right but intervention under section 102.004 is discretionary with the court); *see also Univ. of Tex. Health Sci. Ctr. at Hous. v. Rios*, 542 S.W.3d 530, 538 (Tex. 2017) (statute prevails over rule of procedure when they conflict); *In re A.T.*, No. 14-14-00071-CV, 2014 WL 11153028, at *8 (Tex. App.—Houston [14th Dist.] July 15, 2014, no pet.) (mem. op.) (court has discretion to grant leave to intervene under section 102.004).

For the court to grant leave to the foster parents to intervene, they were required to show that (1) they had substantial past contact with E.C.D., (2) the termination suit was filed by a party authorized to do so, (3) appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development. *See id.*

**Substantial past contact.** When the foster parents filed their petition in intervention on December 1, 2017, E.C.D. was approximately 13 months old, and she had been in the care of the foster parents for more than half of her young life. By the final date of trial on the merits, on September 7, 2018, E.C.D. was two and a half years old, and she had been living with the foster parents for almost a year and a half. The foster parents and E.C.D. had bonded, and the evidence showed that all of E.C.D.'s needs were being met. This element has been satisfactorily proved. *See A.M.*, 60 S.W.3d at 169.

**Termination suit filed by a proper party.** The original termination suit was filed by the Department of Family and Protective Services, which is expressly identified by statute as a party with standing to file such a suit. *See* TEX. FAM. CODE § 102.003(a)(6).

**Appointment of parent as managing conservator would impair child's physical health or emotional development.** On appeal, the natural father does not challenge this element: neither he nor the natural mother sought managing

8

conservatorship at trial. He asserts that because neither parent sought to be appointed managing conservator at trial, section 102.004 does not apply. However, the statute does not require that a parent seek appointment as managing conservator for the court to permit a qualified person to intervene. In this case, the grandmother, both parents, Child Advocates, and the caseworker all agreed that the parents would not be appropriate managing conservators. For example, the father had a history of domestic abuse and violence, which he did not acknowledge. The mother had bipolar disorder, which she did not consistently treat. Both had used illegal narcotic drugs, both refused to complete services offered by the Department, and both failed to provide financial support for their children during the pendency of litigation. This element has been satisfactorily proved.

We conclude that there was satisfactory proof of all the elements required by section 102.004 to justify a court's granting of leave to intervene in a parental termination suit. Accordingly, we hold that the trial court did not abuse its discretion by denying the motion to strike the intervention.

## II. The natural father waived the remainder of his appellate arguments by failing to raise them in the trial court.

In his brief, the natural father argues that the trial court also abused its discretion by recessing the trial, ordering the parties to mediation as to the placement of E.C.D., and permitting discovery.

To preserve error for appellate review, a party must make a timely request, objection, or motion in the trial court stating the grounds for the ruling being sought; and the trial court must rule on the request, objection, or motion or the party must object to the trial court's refusal to rule. TEX. R. APP. P. 33.1. The natural father orally joined in the grandmother's motion to strike the intervention, but he did not object to the trial court's recess of the trial, its order of mediation, or its ruling permitting additional discovery. There was no motion to dismiss in the trial court based on the extended dismissal date, and there was no motion to quash discovery. Because the natural father failed to challenge the recesses, mediation, and discovery in the trial court, those issues are not preserved for appellate review. *See id.*

Even if the alleged errors had been challenged, the trial court's actions were within the wide discretion of a trial court to manage its docket and efficiently dispose of its cases. *See Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982); *Lyon v. Bldg. Galveston, Inc.*, 01-15-00664-CV, 2017 WL 4545831, at *9 (Tex. App.— Houston [1st Dist.] Oct. 12, 2017, pet. denied) (mem. op.).

## Conclusion

We overrule the natural father's sole issue, and we affirm the trial court's decree.


Peter Kelly
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.