

# NUMBER 13-21-00152-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE GREATER MCALLEN ASSOCIATION OF REALTORS, INC.

---

### On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Hinojosa[1]**

By petition for writ of mandamus and request for emergency relief, relator Greater

McAllen Association of Realtors, Inc. seeks to compel the trial court to set a hearing on

relator's motion to dismiss under the Texas Citizens Participation Act (TCPA). *See* TEX.

CIV. PRAC. & REM. CODE ANN. §§ 27.004 (setting statutory deadlines for hearings under

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

the TCPA). Relator requests emergency relief.

Mandamus is an extraordinary remedy that will issue "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)); *see In re State Farm Mut. Auto. Ins. Co.*, No. 19-0791, 2021 WL 1045651, at *2, __ S.W.3d __, __ (Tex. Mar. 19, 2021) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that the relator has not shown itself entitled to the relief sought. The TCPA's statutory deadline to hold a hearing on a motion to dismiss is subject to certain exceptions pertaining to the trial court's docket conditions, good cause, any agreement of the parties, and discovery, and based on the facts and circumstances presented here, relator has failed to establish that the trial court possessed a ministerial duty, or otherwise abused its discretion, in proceeding to set the hearing as alleged. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.004(a), (b), (c); *see also Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982) (discussing the trial court's "wide discretion in

2

managing its docket"). Further, the TCPA provides a remedy by appeal for the trial court's failure to rule on a motion to dismiss within the time prescribed by the statute. *See id.* § 27.008(a). Accordingly, we deny the petition for writ of mandamus and relator's request for emergency relief. *See* TEX. R. APP. P. 52.8(a).

LETICIA HINOJOSA
Justice

Delivered and filed on the
20th day of May, 2021.