

# NUMBER 13-25-00146-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ADUSA TRANSPORTATION LLC
## AND ADUSA DISTRIBUTION LLC

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca[1]**

By petition for writ of mandamus, relators ADUSA Transportation LLC and ADUSA

Distribution LLC assert that the trial court[2] "failed to comply with its legal, nondiscretionary

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This petition for writ of mandamus arises from trial court cause number C-0953-23-L in the 464th District Court of Hidalgo County, Texas, and the respondent is the Honorable Joe Ramirez. *See id.* R. 52.2.

duty to consider and rule on properly filed special appearances within a reasonable time." We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

On June 26, 2024, real parties in interest William S. Ayala Pascacio and Ricardo Gonzalez filed a first amended petition against various defendants, including relators, for personal injuries caused by an automobile accident involving three commercial vehicles. On July 29, 2024, relators filed separate special appearances, then filed answers subject to their special appearances. On October 31, 2024, the trial court issued an order setting a hearing on relators' special appearances for December 17, 2024. On December 16, 2024, the real parties filed a second amended petition and a response to relators' special appearances. That same day, relators filed a brief in support of their special appearances. On December 17, 2024, the trial court held its hearing on the special appearances but did not make a ruling. On December 17, 2024, and December 18, 2024, relators and real parties provided the trial court with proposed orders.

On January 29, 2025, relators provided the trial court with an additional copy of their proposed order granting both of their special appearances and "request[ed] signature and entry of this order." On February 7, 2025, relators filed a motion for status conference "to determine the status" of the trial court's ruling on their special appearances. The motion recounted the history of the proceedings regarding their special appearances and noted that on January 10, 2025, the trial court had set this matter for trial to be held on October 27, 2025. Relators asserted that they were "prejudiced from proceeding with discovery and other pretrial matters without a ruling on their [s]pecial [a]ppearance[s] because such activity could be argued to act as a waiver of [their]

2

personal jurisdiction defense." On February 21, 2025, relators again reminded the trial court of their pending special appearances and their previous filings regarding obtaining rulings on these matters. They advised the trial court that "[b]ecause each special appearance is a threshold jurisdictional issue, proceedings in the suit are effectively on hold until [it] rules." Relators further asserted that "[t]his pause is becoming increasingly problematic because this suit is set for trial on October 27, 2025." Relators requested the trial court to "issue an order deciding the special appearances or schedule, within the next [twenty-one] days, a status conference on the special appearances."

On March 28, 2025, relators filed this original proceeding and an opposed emergency motion to stay the trial court proceedings. This Court granted relators' motion to stay and requested and received a response to the petition for writ of mandamus from the real parties in interest. *See* TEX. R. APP. P. 52.2, 52.4, 52.8, 52.10. The real parties assert that the trial court has not abused its discretion because: (1) a reasonable amount of time has not elapsed for it to rule; (2) the trial court has the discretionary power to control its own docket, hence this [C]ourt should not interfere with it; and (3) "relators have not evidenced nor informed this [C]ourt as to what is transpiring in the trial court." Relators have filed a reply in support of their request for relief.

## II.    MANDAMUS

Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam). "A court abuses its discretion if no evidence supports the finding

3

on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). We conduct a "benefits-and-detriments analysis" to determine if the relator possesses an adequate remedy at law. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex. 2004) (orig. proceeding).

## III. DUTY TO RULE

To obtain mandamus relief for the trial court's failure to rule on a motion, the relator must establish: (1) the motion was properly filed and the trial court had a legal duty to rule; (2) the relator requested a ruling on the motion; and (3) the trial court failed or refused to rule within a reasonable time. *See In re GTG Sols., Inc.*, 642 S.W.3d 47, 49–50 (Tex. App.—El Paso 2021, orig. proceeding); *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Craig*, 426 S.W.3d 106, 106 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

Whether a reasonable time for the trial court to act has elapsed is dependent upon the circumstances of each case. *In re GTG Sols., Inc.*, 642 S.W.3d at 50; *In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228. The test for determining what period

4

is reasonable is not an exact formulation, and no "bright line" distinguishes a reasonable time from an unreasonable one. *In re Mesa Petrol. Partners, LP*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding); *see In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748; *In re Blakeney*, 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228. We examine several criteria, including the seriousness and complexity of the pending motion, the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re GTG Sols., Inc.*, 642 S.W.3d at 50; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Blakeney*, 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228–29. "Each case must be determined based upon the totality of the facts and circumstances." *In re GTG Sols., Inc.*, 642 S.W.3d at 50.

## IV.   ANALYSIS

We examine the specific circumstances of this case to determine whether relators have established that their special appearances were properly filed, the parties requested rulings on the special appearances, and the trial court failed or refused to rule within a reasonable time. *See In re Pete*, 589 S.W.3d at 321; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748. Here, relators have shown that the trial court received, was aware of, and was asked to rule on their special appearances. *See In re Blakeney*, 254 S.W.3d at 661; *In re Villarreal*, 96 S.W.3d at 710. The record indicates that relators filed their special appearances on July 29, 2024, the trial court held its hearing on the special appearances on December 17, 2024, and relators requested the trial court to rule on January 29, 2025, February 7, 2025, and February 21, 2025.

5

Therefore, the main issue for consideration is whether a reasonable time has passed for the trial court to issue its rulings. *See In re GTG Sols., Inc.*, 642 S.W.3d at 50; *In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228. More than three months have passed since the trial court held its hearing on the special appearances. We have held that under certain circumstances, a three-month delay may be unreasonable. *See In re First Mercury Ins.*, No. 13-13-00469-CV, 2013 WL 6056665, at *3 (Tex. App.—Corpus Christi–Edinburg Nov. 13, 2013, orig. proceeding) (mem. op.) (concluding that a three-month delay in ruling on a plea to the jurisdiction was an abuse of discretion warranting extraordinary relief through mandamus); *see also In re Smith*, No. 07–13–00345–CV, 2013 WL 6909161, at *2 (Tex. App.—Amarillo Dec. 17, 2013, orig. proceeding) (mem. op.) (holding that a three-month delay in selecting a date to hear a motion was unreasonable).

The real parties assert that "the trial court has the discretionary power to control its docket, hence, this [C]ourt should not interfere with it," and "[r]elators are not entitled to a ruling at whatever time they may choose." We agree with these basic tenets. In considering whether the trial court has failed to rule in a timely manner, we remain mindful that trial courts have broad discretion in how they conduct business in their courtrooms and control their dockets. *See Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982); *Castro v. Schlumberger Tech. Corp.*, 673 S.W.3d 294, 305 (Tex. App.—San Antonio 2023, no pet.); *Jacobs v. State*, 594 S.W.3d 377, 382 (Tex. App.—San Antonio 2019, no pet.). Nevertheless, this discretion is not unlimited, and the trial court has a duty to schedule its cases to expeditiously dispose of them. *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014); *Clanton*, 639 S.W.2d at 930; *In re Marriage of Harrison*,

557 S.W.3d 99, 123 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

We have held that the subject matter of the pending motion or plea is "a pivotal factor" in our analysis regarding whether the trial court has had a reasonable opportunity to rule. *In re City of Edinburg*, No. 13-23-00131-CV, 2023 WL 3185808, at *4 (Tex. App.—Corpus Christi–Edinburg May 1, 2023, orig. proceeding) (mem. op.) (quoting *In re First Mercury Ins.*, 2013 WL 6056665, at *5). Here, relators have filed special appearances through which they challenge the trial court's personal jurisdiction over them. *See* TEX. R. CIV. P. 120a; *LG Chem Am., Inc. v. Morgan*, 670 S.W.3d 341, 346 (Tex. 2023). Jurisdictional determinations should be made "as soon as practicable." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004); *see Am. K-9 Detection Servs., LLC v. Freeman*, 556 S.W.3d 246, 259 (Tex. 2018); *see also In re City of Edinburg*, 2023 WL 3185808, at *4. The Texas Rules of Civil Procedure regarding special appearances echo this precept. *See* TEX. R. CIV. P. 84 (providing that the trial court may consider a defendant's pleadings "in such order as may be directed by the court" except with regard to special appearances and motions to transfer venue), R. 120a(2) ("Any motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard."); *see also In re Nomarco, Inc.*, No. 14-20-00129-CV, 2020 WL 1181705, at *1–2 (Tex. App.—Houston [14th Dist.] Mar. 12, 2020, orig. proceeding) (mem. op.) (per curiam) (granting relief for an eight to nine-month delay in ruling on a special appearance); *In re Roland's Roofing Co.*, No. 13-19-00469-CV, 2019 WL 5444399, at *5 (Tex. App.—Corpus Christi–Edinburg Oct. 23, 2019, orig. proceeding) (mem. op.) (granting relief for an eight-month delay in ruling on a special appearance).

In terms of other matters, we note that this case has been on file since March 8, 2023, and on January 10, 2025—despite having heard the challenges to personal jurisdiction three weeks prior—the trial court set this matter for trial to be held on October 27, 2025, six months from now. It is a "fundamental precept that a court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided." *Miranda*, 133 S.W.3d at 228; *see Tex. Right to Life v. Van Stean*, 702 S.W.3d 348, 351 (Tex. 2024) (per curiam). Moreover, the parties will be unable to engage in discovery on the merits of the claims at issue until the trial court rules on the special appearances. "Merits discovery on matters not directly relevant to jurisdiction should be taken only after a special appearance is denied." *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 676 (Tex. 2022) (orig. proceeding). In this regard, the parties do not assert that further discovery is necessary to ascertain the merits of the special appearances. *See id.*

The real parties assert that relators have not met their burden to obtain mandamus relief because they have not provided evidence or argument "as to what is transpiring in the trial court." They further assert that the record shows reasons for the delay insofar as the trial court was preparing to and did move into the new Hidalgo County Courthouse during the week of March 24, 2025. The state of the trial court's docket and the existence of other judicial and administrative matters requiring the trial court's attention are two of the factors which can be considered in deciding whether the trial court has failed to rule within a reasonable time. *See In re GTG Sols., Inc.*, 642 S.W.3d at 50; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49. However, relators need not "present evidence pertaining to these factors in every case as a prerequisite to mandamus relief."

8

*In re Mesa Petrol. Partners, LP*, 538 S.W.3d at 159. In this regard, we further note that the trial court did not move to the new courthouse until *after* three months had elapsed and *after* this original proceeding was filed.

Examining the totality of the foregoing circumstances, and in particular the setting of this matter for trial despite the presence of jurisdictional challenges, we conclude that the trial court abused its discretion by failing to rule on the special appearances within a reasonable period. *See In re GTG Sols., Inc.*, 642 S.W.3d at 49; *In re Pete*, 589 S.W.3d at 321; *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748; *see also In re First Mercury Ins.*, 2013 WL 6056665, at *3. Further, balancing the benefits of mandamus review against the detriments, we conclude that there is no adequate appellate remedy to address the trial court's failure to rule. *See In re State Farm Mut. Auto. Ins.*, 629 S.W.3d 866, 872 (Tex. 2021) (orig. proceeding); s*ee, e.g.*, *In re Mesa Petrol. Partners, LP*, 538 S.W.3d at 159. Accordingly, we sustain the sole issue presented in this original proceeding.

## V.     CONCLUSION

The Court, having examined and fully considered relators' petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that relators have met their burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. Without addressing the merits of the special appearances, we conditionally grant the petition for writ of mandamus and direct the trial court to rule on the special appearances without further delay. *See In re Blakeney*, 254 S.W.3d at 661 ("While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be."); *see also In re Cunningham*, 454

9

S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding). We are confident the trial court will promptly comply, and our writ will issue only if the trial court fails to act in accordance with this memorandum opinion.

YSMAEL FONSECA
Justice

Delivered and filed on the
8th day of May, 2025.