

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00011-CV

CAROLINE POWELL,
                                                          Appellant

 v.

JAMIE LEE GOULD AND HOLLY LYNN EADS,
                                                          Appellees

From the County Court at Law No. 1
Johnson County, Texas
Trial Court No. C20160225

## MEMORANDUM OPINION

Caroline Powell, acting pro se, appeals from a take nothing judgment rendered in favor of Jamie Lee Gould and Holly Lynn Eads in her civil assault lawsuit. Powell raises numerous issues regarding discovery, the denial of a jury trial, denial of due process, sufficiency of the evidence to support the judgment, damages, and the earlier dismissal of a defendant. We affirm.

## Background

In 2013, Powell left some items at a consignment store owned by Niki Kline. The store went out of business without paying Powell or returning her property. In January 2014, Powell went to Kline's new business, Zen Foot Spa, to speak to Kline about retrieving her property. Kline was not there. Instead, Powell encountered Kline's sister, Jamie Gould, and an employee, Holly Eads. The three women engaged in a physical altercation. The police were called, and Powell was arrested and charged with criminal trespass.

The criminal case against Powell was later dismissed. In November 2015, Powell filed a civil suit in the justice court for assault causing bodily injury naming Kline, Guild, and Eads as defendants. She sought damages in the amount of $7,000 and $3,000 in attorney's fees. Powell nonsuited Kline on May 25, 2016. On June 8, 2016, the justice court rendered judgment that Powell take nothing against the remaining defendants. Although she appealed that judgment to the County Court at Law, Powell never amended her pleadings to ask for additional damages. The case languished for seven years with no activity until late 2023. After a trial before the court, on December 13, 2023, that court rendered a take nothing judgment in favor of Gould and Eads. This appeal ensued.

**Appellant's Arguments**

In a rambling, unorganized brief that is mostly her version of facts, accompanied by commentary, Powell includes a variety of complaints. It is difficult to determine what her legal arguments are. A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *Id*. at 185.

Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The appellate court has no duty to brief issues for an appellant. *See Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). The failure to provide appropriate record citations or a substantive analysis waives an appellate issue. *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Even though we must construe briefing requirements reasonably and liberally, a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support its contentions. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

An appellate court has no duty to perform an independent review of the record and applicable law to determine whether there was error. *Canton-Carter v. Baylor Coll. of*

*Med.*, 271 S.W.3d 928, 931-32 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Were we to do so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

With those standards in mind, we turn to Powell's arguments. In what appears to be her first argument, Powell begins by asserting that she was "disallowed" discovery. She then references "photo and video evidence" that would have shown her appearance after the incident. Then over the course of two pages, single spaced, she provided her explanation of events, not necessarily supported by the record, including what she suspects, felt, and assumed. At the end of this section of her brief, she requested that charges be brought against Gould and Eads for criminal assault and battery.

Powell did not comply with Rule 38.1(i) and we are uncertain how to decipher this complaint. *See* TEX. R. APP. P. 38.1(i). Powell has not provided specific argument and analysis showing that the record and the law support her contentions. *See Crawford*, 171 S.W.3d at 338. Further, Powell has not directed us to a place in the record showing she sought discovery or that the trial court rebuffed her efforts in any way.

As a prerequisite to presenting a complaint for appellate review, the record must show, among other things, the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific

grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). Because the complaint regarding discovery was not made to the trial court, it has been waived. *Id*.

In a section of her brief entitled "Additional Arguments," Powell lists complaints "A" through "G."[1] In "A" and "G", she complains that her request for a jury trial was denied. To invoke and perfect the right to a jury trial in a civil case, a party must comply with the applicable rules of civil procedure. Texas Rule of Civil Procedure 216 requires a party to make a jury request and pay the jury fee "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." TEX. R. CIV. P. 216.

In her "Motion for Appeal," filed in the Johnson County Clerk's office on July 12, 2016, Powell stated she wants to appeal the justice court's decision to "County Civil Court." She stated she did not have money to pay an appeal bond and she asked for a jury trial at her "next trial." An indigent is not required to pay a jury fee. *Id*. R. 217. Instead, the indigent must file an affidavit of inability to pay before the deadline for paying the fee, that is, at least thirty days before the date set for the trial of the cause on the non-jury docket. *Id*. R. 216, 217. While the record does not include an affidavit of indigency filed in justice court, the justice court docket sheet contains an entry stating that, on July 5, 2016, Powell was declared to be a pauper. For purposes of this appeal, we assume Powell perfected her right to a jury trial.

---

[1] Powell did not include an argument "D."

Nothing happened in the case until August 30, 2023 when the civil coordinator of the County Court at Law Number One sent a notice that the case was set for dismissal. The dismissal hearing was on October 11, 2023. Powell told the court that she wanted to retain the case on the docket. The court immediately, in open court, set it for trial on December 13, 2023. At the dismissal hearing, Powell did not mention wanting a jury trial.

On December 13, the judge called the case and asked Powell "are you ready to proceed this afternoon?" Powell answered affirmatively. After Gould and Eads also stated they were ready the trial court explained that "[t]his is what is called a trial de novo." The court further explained it is a new trial, they are starting from ground zero, and they must admit all of the evidence they want considered. When asked if they understood, all three answered affirmatively. Powell did not request a jury trial or move to strike the nonjury setting.

Even after invoking the right to a jury trial in accordance with Rule 216, a party may waive the right either expressly or by her failure to act. *See Sunwest Reliance Acquisitions Group v. Provident Nat'l Assurance Co.*, 875 S.W.2d 385, 387-88 (Tex. App.—Dallas 1993, no writ). A party waives her request for a jury trial if she does not object when the trial court begins a nonjury trial. *In re D.R.*, 177 S.W.3d 574, 580 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (op. on reh'g). Because Powell failed to object to the nonjury trial, she waived her right to a jury trial. *Id*.

In argument "G," Powell also complains that the trial court limited her to one hour to present testimony. She is apparently referencing the court's statement at the dismissal hearing that he was "going to set it for trial for one hour."

At the December 13 de novo trial, Powell testified, reciting her version of events. After Gould and Eads cross-examined Powell, the court asked Powell if she had anything else she wanted to tell him. She said she did not have anything else to tell him. The court then asked Powell many clarifying questions. He ended his questioning of her by asking again if there is anything else she would like to tell him. She responded with "[t]hat will be all." When asked if there were any other witnesses Powell would like to call, she replied that she did not have any other witnesses. Gould and Eads both testified, and Powell cross-examined each of them. Powell then presented her rebuttal testimony. The court again asked if she had anything else to say. Powell replied, "[t]hat will be all." She answered affirmatively when the court asked if she rests and closes the evidence.

No doubt the trial court, at the dismissal hearing, estimated how long it would take to try the case. A trial court has broad discretion to manage and control its docket, and the complainant must show that the court clearly abused its discretion. *See Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). The record shows that all parties were given as much time as they needed to present their evidence. The court repeatedly asked Powell if she had more to offer, and she repeatedly stated that she did not. She never objected

and never stated that she needed additional time to retrieve additional witnesses or evidence. Powell has not shown that the trial court abused its discretion. *Id*.

In argument "C," Powell states the Burleson Police Department erred in disallowing discovery that could have helped her prove her case. In argument "B," Powell asserts her right to a fair trial was violated. She complains that she was accused of something she did not do, treated as the guilty party, never given proper due process, and denied the right to bring charges against Gould and Eads.

An issue presented for appellate review is sufficient if it directs the reviewing court's attention to the error about which the complaint is made. *Canton-Carter*, 271 S.W.3d at 931. The Burleson Police Department was not a party to this civil case, and the trial judge did not rule on the department's actions. Powell's arguments do not address trial court error and are not supported by authority. In the absence of legal analysis, citations to the record, and citation to appropriate authorities, Powell presents nothing for review. *See Blankinship v. Brown*, 399 S.W.3d 303, 307 (Tex. App.—Dallas 2013, pet. denied); *WorldPeace*, 183 S.W.3d at 460.

In her argument "E," Powell contends the justice court erred when it dismissed her suit against Niki Kline. The record shows that Powell made an oral motion to nonsuit Kline in the justice court. The justice court dismissed the case against Kline, with prejudice, on May 25, 2016. A nonsuit extinguishes a case or controversy from the moment the motion is filed or an oral motion is made in open court. *Univ. of Tex. Med.*

*Branch at Galveston v. Est. of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam). The dismissal order, a ministerial act based on Powell's nonsuit, was not before the county court at law for review. This complaint presents nothing for our review.

## Sufficiency of the Evidence

In her argument "F," Powell asserts the trial court erred when it granted judgment for Gould and Eads because that judgment was against the great weight of the credible evidence. Further, in a section of her brief entitled "County Court at Law #1 Trial Transcript with Arguments" Powell makes a variety of arguments apparently attacking the sufficiency of the evidence to support the trial court's determination that she did not prove her case. Additionally, she asks this Court to grant her the maximum amount allowed as damages.

### Standard of Review

When considering a factual sufficiency challenge, we consider and weigh all of the evidence. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). An appellant attacking factual sufficiency with respect to an adverse finding on which she had the burden of proof must demonstrate that the finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). We may set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Pool*, 715 S.W.2d at 635. We may not substitute our judgment for that of the trier of fact or pass on the credibility of the

witnesses. *See Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). In a bench trial, the trial court may resolve any inconsistencies in the testimony as well as determine the weight of the evidence. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986).

Applicable Law

Powell brought suit for assault causing bodily injury. The definition of assault is the same whether in a civil or criminal trial. *Gibbins v. Berlin*, 162 S.W.3d 335, 340 (Tex. App.—Fort Worth 2005, no pet.). A person commits assault if she intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a). "Bodily injury" means physical pain, illness, or any impairment of physical condition. *Id*. § 1.07(a)(8).

Discussion

The record shows that Powell visited Zen Foot Spa looking for Kline to retrieve items she had left at Kline's consignment store. Kline was not there at the time. Gould and Eads were present at the spa. Gould asked Powell to leave, and the two got into a physical altercation. Powell was subdued by Eads's use of pepper spray and the police were called.

Powell was transported to the hospital where CT scans were done of her head and spine. The medical report in our record includes the following findings:

> No acute intracranial findings.
> Mild straightening of the usual cervical lordosis.
> Vertebral body heights and alignment are normally maintained without evidence of fracture or listhesis.

Intervertebral disc space heights are preserved.
Bilateral facets and occipital condyles are well aligned.

No expert testimony was presented to explain the medical findings.

The record includes the Burleson Police Department arrest warrant affidavit describing the events at the spa as related by the parties. The affiant determined that Powell committed criminal trespass at the spa. Powell was arrested and charged with criminal trespass.

Powell filed a complaint alleging she was assaulted at the spa. Powell was administered a polygraph examination regarding the events. The examiner stated that in his opinion Powell was being truthful when answering the relevant questions. Thereafter, the criminal trespass charge against Powell was dropped. At some point, the Texas Attorney General's office became involved and determined that Powell was eligible for compensation as a victim. The Attorney General's crime victim assistance program paid $10,213.64 toward Powell's medical bills. Aetna Insurance paid $6,669.32 toward her bills. Powell testified that she has a herniated disk, pain and suffering, and ongoing expenses. There are no medical records supporting her assertion of having a herniated disk.

The record shows that Powell was in a physical altercation with Gould and Eads. Additionally, the record shows that Powell had medical bills resulting from treatment she received from medical personnel. However, there is no evidence that the bills she received were for treatment of injuries she sustained at the hands of Gould or Eads.

Accordingly, Powell did not prove the element of causation. *See* TEX. PENAL CODE ANN. § 22.01(a). It follows that Powell did not demonstrate that the trial court's determination that she did not prove her case against Gould and Eads is against the great weight and preponderance of the evidence. *See Francis*, 46 S.W.3d at 242.

## Conclusion

We find no merit in any of Powell's arguments, and we overrule all of her issues. Accordingly, we affirm the trial court's judgment.[2]

STEVE SMITH<br>
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed August 29, 2024
[CV06]



---

[2] All pending motions are dismissed as moot.